## No. 8591.

### MRS. CARMELITE BACHINO VS. MARTIN S. COSTE.

The adjudicatee of real estate acquired in the name of a married woman, during the community between her and her husband, cannot be compelled to comply with the terms of the adjudication unless the presumption which makes the property a community asset has been effectually destroyed.

In such a case it is necessary for the married woman to show, not only that she had sufficient paraphernal funds, but also, that they were invested by her in the purchase of the property, and this, contradictorily with those who might have an interest to dispute her title.

The declaration of the origin of the price in the act of purchase and the admission of the husband of the truth of the facts thus stated, do not make the property paraphernal. They bind neither creditors nor forced heirs; the latter only to the extent of the disposable portion.

Although sometimes the title of married women to real estate may be perfect on its face, such is not the case where the property is purchased during the community. In such a case the married woman, of necessity, is driven to extraneous proof to establish her title, and the purchaser must submit to that evidence and accept the title, if unobjectionable.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*T. Gilmore & Sons* for Plaintiff and Appellant:

1. Where property is bought in the name of the wife, and the notarial act contains her explicit declaration that it was bought and paid for with her paraphernal funds, the husband, being a party to the act and assenting to the declaration, his heirs are estopped from denying it. Only forced heirs can contest the truth of the declaration to the extent of their legitime, when the act is intended to deprive them of it. Kerwin vs. Hibernia Insurance Company, 35 An.; Boone vs. Carroll, Ib.; Drumm vs. Kleinman, 31 An. 124.

2. The proof adduced leaves no doubt of the truth of the declaration.

*Chas. F Claiborne* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to compel compliance with the terms of sale of a piece of property adjudicated to the defendant. The appeal is taken from a judgment in favor of the latter.

The property was purchased in the name of the plaintiff, during

marriage. The act contains a recital of the origin of the funds with which it states that the acquisition was made, and it was signed by the husband. The latter died a short time before the adjudication of the property to the defendant, leaving four children, the issue of his marriage with the plaintiff, two of whom are minors.

The evidence does not show that the plaintiff received herself the funds mentioned in the act of purchase, and that they identically, or virtually so, were invested in the property acquired in her name. She herself did not testify on that subject.

There is no evidence to show that the husband had no debts.

The property is presumed to be community property. R. C. C. 2399, 2402, 2405.

Where property has that character, the burden rests upon the wife, or husband, who claims it as separate estate, to establish ownership by positive evidence, DEHORS the recitals of the act, which alone prove little or nothing. This is done by proving not only the existence, the origin of the funds, *provenance des deniers*, but also the actual investment of the same. This is required whether the claim be raised, as against creditors, heirs, or anyone else. 2 N. S. 258; 11 R. 528; 7 An. 104; 30 An. 169; 33 An. 612.

The property continues to be considered as a community asset until the presumption has been effectually destroyed by conclusive proof of the claim of separate ownership to it. 4 R. 118; 9 R. 214; 29 An. 76; 1 L. 206; 5 An. 741; 11 An. 326; 18 An. 126; 20 An. 531.

In the present instance, the property *prima facie* belongs, subject to community debts, half to the plaintiff, in her own right, and half to the children of her husband, the issue of his marriage with her. 6 An. 592; 14 An. 282; 16 An. 145; 20 An. 208; 29 An. 215; 31 An. 736.

The admission of the husband, in the act, that the property was bought by the wife with her paraphernal funds, does not bind his creditors, or his forced heirs, unless the latter, to the extent of the disposable portion only, which is one-third in this case. His heirs would, therefore, be co-proprietors with the plaintiff of two-thirds of his half, or one-third of the whole. 10 An. 686, 784, 739; 28 An. 314; 31 An. 126; 33 An. 612; 34 An. 374.

If the husband has left no creditors, it was incumbent on plaintiff to show it. The record does not even contain a certificate showing that no mortgage inscription existed against him.

If the children have inherited no part of the property from their father, they should have been made parties, those of age directly, those under age, through a proper representative. This was not done.

Requiring such proof from a married woman is imposing upon her

no unauthorized or unjust hardship, or putting her to no undue inconvenience.

It may happen that property may stand in the name of a married woman, so that her title may be indisputable on its face; for instance, where the same dates anterior to the marriage, or is mentioned in the contract of marriage, in whatever character, or was inherited by, or donated to her after marriage; but this is not invariably so.

Where, however, she has invested funds truly paraphernal, during marriage, in a piece of real estate and she offers to sell it and her offer is accepted, it would be impossible for her to *prove* her title on the *face* of the act. She would necessarily be driven to extraneous proof, written or oral, or both, as the case may be; but the purchaser who has agreed to buy must submit to that sort of evidence.

A judgment rendered in plaintiff's favor in this case could conclude neither the creditors of her husband nor his forced heirs, and would, therefore, be no protection to the defendant who, on paying the price of adjudication, is entitled to receive a complete, valid, unclouded title. 7 N. S. 93; 6 L. 484; 11 L. 556; 6 R. 324, 472; 9 R. 417; 2 An. 384; 9 An. 560.

The plaintiff, having failed to tender to the defendant such a title as he was bound to accept, must succumb in her action, and the latter must be released.

The District Judge has, in a well considered opinion, correctly appreciated the facts and the law applicable thereto.

The judgment appealed from is affirmed with costs.

Poché, J., concurs in the decree.

---

### DISSENTING OPINION.

MANNING, J. It is not disputed that the plaintiff received from the estates of her father and mother the funds with which the property in question was purchased. The act of sale to her, not content with stating that fact, contains the recital of the sums thus received and the source from which they came, giving details and the amplification of them with a minuteness that descends to the smallest particulars. Upon the trial an admission was made, to save the trouble of introducing the records, that she had received those sums from those sources, and the real objection was, not that the recitals were untrue, but that whether true or not, the purchaser could not be forced to accept a title which required a lawsuit to establish that it was good. If that position be correct, it will only be necessary for a purchaser to refuse a title offered by a married woman, and thus put the seller upon the proof that it is good, to justify him in his refusal.

It was also proved that the husband was without means and had no

occupation which brought revenue, that he was supported by others, and therefore could not have furnished the funds which paid the purchase price. This negative proof supplemented the positive evidence that the wife's paraphernal funds paid the price.

No one will controvert the principle that property bought during the community is presumed to belong to the community, but this presumption can always be overcome by proof of the fact that the property was purchased with the separate funds of one of the spouses, and therefore does not belong to the community.

The effect of the decision just made is to put out of commerce all property bought by a married woman during coverture, for when she has furnished to the purchaser the proofs of public records that the money with which she bought was her own, he can answer they are not satisfactory; and when she by a suit establishes that the proofs are indubitable, he replies he is not bound to take a title which required a lawsuit to determine whether it is good or not—the lawsuit, be it observed, being provoked by himself.

This is putting a married woman *in duriori casu* than I ever conceived our law contemplated.

Rehearing refused.