(58 South. 223.)

No. 18,878.

SCHEUERMANN et al. v. DE LATOUR.

(April 8, 1912.)

*(Syllabus by the Court.)*

SPECIFIC PERFORMANCE (§ 95*)—DEFECTS IN TITLE.

Where the surviving husband in community sells to a major son some of the community property the day before the parent applies for letters of natural tutorship, in order that the property will escape the tutor's mortgage, and the sale has the appearance of a simulation, the title is not one which this court will compel an innocent third person to accept from the major son, in an action brought by him for that purpose.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277; Dec. Dig. § 95.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by William Scheuermann and others against Louis de Latour. From the judgment, defendant appeals. Reversed, and petition dismissed.

Bertrand I. Cahn, for appellant. Felix J. Dreyfous and Alfred D. Danziger, for appellees.

BREAUX, C. J. Plaintiff William Scheuermann brought this suit to compel defendant, Louis de Latour, to accept title tendered.

Defendant became the adjudicatee for $3,-350 of a city lot, with improvements thereon, in square 749, bounded by Claiborne, Touro, Derbigny and Frenchman streets, as per Pilie's plan of March 8, 1873.

Plaintiff's contention is that the title is good and valid, and that defendant, without ground, refuses to accept title.

In support of his contention, defendant urged that John Scheuermann, during the existence of the matrimonial community with Louise Schierle, bought an undivided half interest of the property from William Scheuermann and Frederick Scheuermann.

Mrs. John Scheuermann died May 12, 1905,

leaving six children, issue of her marriage with John Scheuermann, who inherited her one-fourth interest in the property.

John Scheuermann failed to have an inventory made of the property in which his minor children had an interest with himself, and he failed to qualify as their tutor. At the time that the property was adjudicated, by C. A. Ramsay, auctioneer, to defendant, the succession of Mrs. John Scheuermann had not been opened. Subsequent to this adjudication, on August 1, 1910, John Scheuermann sold the property to William Scheuermann.

On the day after this sale, John Scheuermann opened the succession of his late wife, Louise Schierle, prayed for an inventory and permission to qualify as natural tutor of his minor children, issue of his marriage with Louise Schierle.

Partition proceedings were instituted by William Scheuermann and the heirs of age and John Scheuermann, as natural tutor of his minor children. A family meeting was convoked and fixed the terms and conditions of the sale. The property, on the recommendation of the family meeting, was sold at private sale.

Plaintiff goes behind these proceedings and attacks the sale of August 1, 1910, by John Scheuermann to William Scheuermann on a number of grounds; among others, that John Scheuermann sold all of his real estate the day before he opened the succession of his late wife, and before the inventory was taken, and before he had qualified as tutor, for the sole purpose of circumventing the law; that it was a simulation and a fraud; that vendee paid not a cent and bought nothing. The point is urged that, under the law, it was the bounden duty of John Scheuermann to qualify as tutor, to record an extract of the inventory, and that the sale made just before these formalities were observed and complied with was made for the purpose of

evading the law and taking it out of the category of property to secure minors; that these informalities vitiate the title; and that he could not do less than refuse to accept title tendered.

He reconvenes and claims one sum of $192.75 for improvements and other amounts —state and city taxes and other items— nearly all, if not all, covered by the terms of an agreement between plaintiff and defendant. He also asks to be reimbursed the amount deposited to bind the sale and interest on all the different items set forth in reconvention. A credit was admitted on December 6, 1910, of $113.20, amount of rent collected, in accordance with agreement, such credits to be increased as rentals for future months are collected.

The proceeds of the sale of the property were, we understand, with the assent, in the argument of counsel for defendant, placed in the judicial depository of the court, and judgment was accordingly rendered.

Upon reflection on the part of counsel, it was deemed advisable to take an appeal.

Our learned brother of the district court was of the opinion that the minors were sufficiently protected by the deposit ordered, and, perhaps, they were.

None the less we are constrained to decree that the title is not such a title as a defendant can be compelled to accept.

These are proceedings inter partes—the father on the one hand, and the children of age on the other. The minors are nearly related to all of the parties; moreover, they have a joint interest with the major heirs in the property.

The duty due by the father toward his minor children prohibits the possibility of his combining with any one of his major children interested in the property, to the end of disposing of real estate without in any way having complied with the law. He is without right of selling to one of the heirs of age, and thereby escape the effect of a mortgage, which should have been imposed upon his property to safe-guard the interest of his children.

Moreover, the son, William Scheuermann, the plaintiff, paid nothing on the price. His name was used by the father as a convenience and disguise, in order the better to dispose of the property. There was nothing real, only a change of name. The unreality of the sale stamp in this instance has the effect of stamping as a nullity the subsequent attempt made to give to defendant a good title. The title does not commend itself. It is not sufficiently removed from the temptation of the litigant anxious to litigate.

Now that an inventory has been made, and that the parties representing the minors are qualified, other proceedings may be had that will secure good title.

In the meantime, for reasons stated, we are constrained to annul, avoid, and reverse the judgment appealed from, to reject the demand of plaintiff in rule, and dismiss his petition.

PROVOSTY, J., concurs in the decree.