## ESTATE OF GUILLOT v. LALA

(June 18, 1928. Opinion and Decree.)
(July 2, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

Neil Armstrong, of New Orleans, attorney for plaintiff, appellant.

Chas. Danna, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. The question involved in this case is whether an automobile purchased in the name of the wife during marriage is her separate paraphernal property or the property of the community.

The facts are as follows:

On December 17, 1926, the plaintiff herein, "The Estate of K. J. Guillot," obtained a judgment against the defendant Leon Lala for $213.63.

By virtue of this judgment, the plaintiff, on February 16, 1928, issued a fi. fa. and caused to be seized a Ford sedan automobile No. 14351769 as the property of the defendant Leon Lala; on March 5, 1928, Eleonore Cypress, wife of Leon Lala, filed a third opposition in which she alleged that the said automobile was her separate property in which the community existing between herself and the defendant in the above entitled and numbered cause had no interest whatsoever, that the said automobile was purchased by your petitioner with her separate and paraphernal funds, which were under her separate control and administration, and she prayed for an injunction against the sale of the automobile.

The Estate of K. J. Guillot, the defendant in injunction, admitted its judgment against Lala and the seizure of the automobile, but denied all the other allegations of the petition for an injunction.

There was judgment in favor of Mrs. Leon Lala decreeing her to be the owner of the automobile and enjoining the sale thereof.

The Estate of Guillot appealed from said judgment.

The law is correctly stated by the plaintiff.

It presumes that all property purchased during marriage either in the name of the husband or of the wife is community property. In order to overcome this presumption the wife must prove that she owned separate property, under her administration, which she invested in making the purchase. Bachino vs. Coste, 35 La. Ann. 570; Knight vs. Kaufman, 105 La. 35, 29 So. 711; Fortier vs. Barry, 111 La. 776, 55 So. 900; Manning vs. Burke, 107 La. Ann. 456, 31 So. 862.

G. L. Mayer, a witness for the plaintiff, testified that he was a salesman for the Edwards Motor Company on February 4, 1927; that he received a phone message from Mrs. Lala that she desired to buy a used car. He was then in the office and the seized car had just been overhauled; so he got into the car and drove down to Mrs. Lala's home; he obtained an order from her for the car; she was to make a cash payment of $200; so he drove her down to the Eureka Homestead office at Poydras and Camp; Mrs. Lala went into the homestead and when she came back she gave him the money; Mr. Lala was not a party to the transaction. The first payment was $200, leaving a balance of $300 plus time charge of $50.40, which was included in 12 monthly payments of $29.30 each in one note; the car was sold on a

chattel mortgage; the note was signed in his presence.

H. Costello was credit manager for Edwards Motor Company; they sold a Ford sedan to Mrs. Lala for $500, $200 cash and the balance in one note and 12 payments; Mrs. Lala paid the notes; on one occasion she gave him two Eureka Homestead checks, one for $18 and the other for $11, to take up two notes; and the balance in cash; there is a balance due on this car of $58.40.

Mrs. Eleonore Cypress Lala, intervenor, testified that she purchased a Ford sedan from the Edwards Motor Company; she had a bank account and some money in the house; she got the money from a damage suit against Louis Voska from an auto accident before she was married; she deposited the money in the Hibernia Bank on April 11, 1917; she was married in March, 1919; she drew it out on January 18th and bought the car on February 24, 1927; she put a little in the homestead and she kept the balance at home; she had charge of the money; her husband did not share in the disbursement of the money, nor did he make any payments on account of this auto; she has had the use of the car; she received $550 from the damage suit; she left it in the Hibernia Bank; she drew out $712 from the bank; she paid for the car with that money, part of which she had home and part from the homestead.

Mrs. Lala introduced in evidence the buyer's order signed by "Mrs. Eleonore Lala," the bill of sale to Mrs. Eleonore Lala, and a promissory note for $350.40 signed by her.

The plaintiff offered no evidence.

We think the wife has sufficiently established her separate title and that the judgment should be affirmed. Suc. of Lewis, 45 La. Ann. 833, 12 So. 952.