## McGILL v. URBAN

---

(February 11, 1929.  Opinion and Decree.)

---

Stafford and Robinson and D. Wendling, of New Orleans, attorneys for plaintiff, appellee.

D. H. Theard, of New Orleans, attorney for defendant, appellant.

JONES, J.  This is a suit for $500.00 damages for slander of title to two lots on Barrett Street in this city.

After alleging that he had acquired the property by duly recorded authentic act on May 17, 1924, from Mrs. Mary Ann Fleming, then wife of Michael Wall, plaintiff averred that he had been in continuous possession since his purchase, but defendant was slandering, and had slandered, his title by registering in the conveyance office of this city, an affidavit claiming partial ownership of the said property as a forced heir of Michael Wall.

The defendant answered, denying the damage, possession, etc., but averring that she was one of the four children of the deceased Michael Wall and was entitled to one-fourth of this property as a portion of his estate.

The trial court dismissed the claim of defendant and ordered the cancellation of the inscription in the conveyance office, but gave no damages, as none were proved.

The evidence in the case shows that on December 13, 1903, during the marriage of Michael Wall and Mary Ann Fleming, the property here in controversy was purchased in the name of Mrs. Wall, that defendant is one of Michael Wall's four children by a previous marriage, that Michael Wall died on March 22, 1918, leaving a notarial will which had never been pro-

bated, and that plaintiff purchased the property from Mrs. Wall, as set forth in his petition, for $1,000.00 cash, and had been collecting rents therefrom at the rate of $15.00 per month since his purchase; that in the notarial act of purchase by Mrs. Wall which is signed by the husband, the following words were used:

"That the funds representing the purchase price herein are her separate and paraphernal funds entirely under her control, and she therefore claims the above described property as her separate and paraphernal property."

Michael Wall had been a pressman at the Daily States in his earlier years and later on had been a watchman, but nothing is shown as to the amount of his salary in either capacity.

There is no evidence whatever tending to show that Mrs. Wall ever had any paraphernal funds except as shown in the will referred to below.

On the trial of the case plaintiff offered in evidence a certified copy of a nuncupative will by public act of Michael Wall. This document was objected to on the ground that it had never been probated or proved, and therefore had no effect as a will, but this objection was apparently overruled, as the will has been brought up with the record.

Although this document has no value as a will, because it has never been probated, it has some evidentiary value, because it shows the declaration by authentic act of the husband with reference to this property. It contains the following paragraphs:

"To my third wife, Mary Ann Fleming, I was married under the regime of the community of acquets and gains, and I have no property other than the residence in which I live, on Barrett Street.

"The lots on which said residence was erected were bought with three hundred dollars donated to my wife, Mary Ann Fleming, before her marriage, and the community is therefore indebted unto her for that amount."

As the husband here distinctly declares that the property is community property, and as the wife has made no proof whatever of the paraphernality of the funds, the claim of defendant should have been recognized.

In the case of Commercial Trust & Savings Bank vs. Widow Emile Thorengen et al., No. 8097 (unreported) of this Court, it was said:

"The defendant argues very correctly that notwithstanding the fact that the title to the property was taken in the name of Odelle Borda, wife of Emile Thorengen, the burden of proof was upon her and her heirs to establish dehors the act that the property was hers for having been purchased with her own separate and paraphernal funds under her separate administration." Citing:
Civil Code, Arts. 2399-2402.
Bachino vs. Coste, 35 La. Ann. 570.
Duruty vs. Musacchia, 42 La. Ann. 357, 7 So. 555.
Succession of Coste, 43 La. Ann. 144, 9 So. 62.
Widow of Chas. Rouyer vs. Chas. Carroll, 47 La. Ann. 768, 17 So. 292.
Pior, tutor, vs. Giddens et al., 50 La. Ann. 216, 23 So. 337.
Succession of Rogge, 50 La. Ann. 1220, 23 So. 933.
Knight et al. vs. Kaufman & Meyer et al., 105 La. 35, 29 So. 711.
Succession of Burke, 107 La. 82, 31 So. 391.
Fortier vs. Barry, 111 La. 776, 35 So. 900.
Succession of Graf, 125 La. 204, 51 So. 115.
Clarke vs. Lassus, 128 La. 919, 55 So. 576.
Latour vs. Guillory, 130 La. 571, 58 So. 341.

See, also:

Knoblock vs. Posey, 126 La. 610, 52 So. 847.

Rousse vs. Wheeler, 4 Rob. 114.

Smalley vs. Lawrence, 9 Rob. 210.

Dominguez vs. Lee, 17 La. 300.

Barber vs. Thomas, 4 La. App. 631.

Hanna Motor Co. vs. Williams, 6 La. App. 181.

Fortson vs. Moseke, 7 La. App. 131.

We might quote numerous other authorities on this point, but we think that the principle therein cited is so deeply imbedded in our jurisprudence as to need no further citations.

In his brief, attorney for plaintiff quotes the cases of Gonsoulin vs. Sparrow, 150 La. 103, 90 So. 528, and McDuffie vs. Walker, 125 La. 152, 51 So. 100, which hold that innocent third parties who deal on the faith of public records are protected thereby.

It has been repeatedly held by the appellate courts of this state that the acquisition of property by a married woman during the marriage, where the act recites that she purchases with her separate and paraphernal funds, is an exception to the above rule.

As plaintiff has entirely failed to prove in this case the paraphernality of the funds, and as the document offered by plaintiff himself tends to show that the property was community property, the judgment must be reversed.

In this court plaintiff has filed a plea of ten and twenty years' prescription on the theory that he and his ancestor in title, Mrs. Wall, had been in undisputed possession of the property for more than twenty years prior to the filing of this suit, under a title as owner legal and sufficient to transfer property.

This plea cannot avail because plaintiff can only claim for himself from May 17, 1924, and this suit was filed on December 4, 1924. Mrs. Wall, during her marriage, could not prescribe against the community, as the title in this case, although in her name, was under the law a community title and the property was presumed to belong to the community.

For above reasons the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of Mrs. O. Urban, recognizing her as the owner of one-twelfth of the property on Barrett Street, described as follows:

"Two certain lots of ground, with improvements thereon, and all the rights, ways, privileges, servitudes and advantages thereunto belonging or in any wise appertaining, situated in the Sixth District of this city, in Square No. 710 (formerly Square No. 114 of Avart) bounded by Barrett, Peters, Robert Streets and the line of separation between the Faubourg Avart and Rickerville, designated as Lots Nos. 17 and 18; said lots adjoin each other and measure as follows, to-wit: Lot No. 17 measures thirty feet front on Barrett Street, by a depth and front on the line of separation between the Faubourg Avart and Rickerville of one hundred and fifty-one feet between equal and parallel lines. Lot No. 18 measures thirty feet, nine inches and seven and 3/8ths lines front on Barret Street, twenty-eight feet, four and 1/3rd lines in width in the rear, by a depth on the side line dividing it from lot No. 17 of one hundred and fifty-one feet and a depth on the opposite side line and dividing it from lot No. 19 of one hundred and fifty feet, ten inches; as the whole will appear by a sketch annexed to the sale made to Niles A. Schomback from Geo. W. Henry, per act before Ernest Commagere, Notary, on September 14, 1896."