HAWTHORNE, Justice.
 

 Plaintiffs, Mrs. Maud McGimsey Johnson and F. Lloyd Monroe, instituted this suit for specific performance of a contract to purchase a parcel of land situated in the City of New Orleans, together with all improvements thereon, and for attorney’s fees in the sum of $500.00.
 

 Defendant, John A. Johnson, admits the execution of the contract but refuses to accept title, denying that plaintiffs have a good, valid, and merchantable title to the property and alleging especially that plaintiffs’ title is suggestive of litigation. In re-convention he prays for judgment for double the amount of the deposit of $1265.-00 which was deposited by him immediately after acceptance of the contract by plaintiffs herein, and, further, for attorney’s fees in the sum of $500.00.
 

 The district court dismissed plaintiffs’ suit at their costs and awarded judgment in
 
 *1097
 
 favor of defendant and against plaintiffs jointly, severally, and in solido for the full amount of the deposit and for attorney’s 'fees in the sum of $500.00. From this judgment plaintiffs have appealed. Defendant has answered the appeal, praying that the judgment be amended to award him, in addition to attorney’s fees, the sum of $25-30.00, being double the amount of the deposit.
 

 The property here involved was acquired by plaintiff Mrs. Maud McGimsey Johnson on September 16, 1938. At that time she was married to Robert B. Johnson but was living separate and apart from him. The act of sale contains the clause that she was “purchasing with her own separate and paraphernal funds under her separate administration and control and for her own separate use.” Her husband, Robert B. Johnson, was not a party to this instrument. On October 9, 1944, Mrs. Johnson con-' veyed an undivided one-half interest in the property to the other plaintiff, F. Lloyd Monroe.
 

 Mrs. Johnson separated from her husband in the latter part of the year 1934, and since that time has been engaged in operating rooming and apartment houses and in buying and selling real estate. She obtained a divorce from her husband on December 18, 1942, which was after her acquisition of this property.
 

 On March 12, 1945, these plaintiffs agreed to sell, and defendant agreed to purchase, the property here involved for the sum of $12,650.00. Upon acceptance of defendant’s offer to purchase, he deposited the sum of $1265.00 with the real estate agents handling the transaction.
 

 This contract provides that title was to be passed within 30 days after acceptance, and that time was of the essence of the contract.
 

 On advice of his attorney, defendant refused to accept title unless the divorced husband of plaintiff Mrs. Johnson would appear and sign the act of sale or unless she would have the paraphernality of the property judicially declared in a suit contradictorily with her divorced husband, for the reason that she had acquired the property during the existence of the community between her and her divorced husband, and that, until one or the other of these requirements was met, the wife could not convey a good, valid, and merchantable title and one not suggestive of litigation. Instead of complying with the requirements of defendant’s attorney, plaintiffs elected to institute this suit for specific performance, which was filed on June 8, 1945.
 

 While the suit was pending on the docket of the district court and almost a year after it had been instituted, plaintiffs on April 1, 1946, filed in the record what they styled a “disclaimer”, executed by Robert B. Johnson, the divorced husband, in which he states that he disclaims any right, title, and interest in the property, and also, on the same date, they filed a power of attorney signed by the husband, authorizing his di
 
 *1099
 
 vorced wife to execute in his behalf an act of sale conveying any right, title, and interest which he might have in the property.
 

 Notwithstanding the filing of these documents, the defendant refused to accept title, and the case was tried on its merits, resulting in the judgment mentioned hereinabove.
 

 In our opinion, the judgment of the district court dismissing plaintiffs’ suit is correct, for, under the jurisprudence of this state, defendant was justified in refusing to accept title to this property by act of sale signed by Mrs. Johnson • without being joined by her husband.
 

 In Bachino v. Coste, 35 La.Ann. 570, plaintiff instituted suit to compel the defendant to take title to property which had been purchased by plaintiff during her marriage. In her deed of acquisition it was recited that the property was being purchased with her paraphernal funds, and this act of purchase was signed by her husband, who was deceased at the time the suit was instituted. This court refused to compel defendant to accept title for the reason that, when property has been so acquired, the burden rests upon the wife who claims it as her separate estate to establish such ownership by positive evidence dehors the recitals of the deed, which alone proved little or nothing; that the property was presumed to be community property and continued to be considered as a community asset until the presumption was effectively destroyed by conclusive proof of the claim of separate ownership of it; that a judgment ordering the defendant to accept title could conclude neither the creditors of the deceased husband nor his forced heirs, and would therefore be no protection to defendant, who, on paying the price of adjudication, would be entitled to receive a complete, valid, and unclouded title; and that, the plaintiff having failed to tender to defendant such a title as he was bound to accept, the defendant was released from his obligation to purchase..
 

 A similar case is Duruty v. Musacchia, 42 La.Ann. 357, 7 So. 555, in which the defendant refused to accept title to a parcel of land acquired by plaintiff, a married woman, with the authorization of her husband. In that act of acquisition it was declared that the property was bought with the wife’s separate and paraphernal funds. The defendant took the position that, the property having been acquired during the existence of the community, it was presumed to be community' property, and that he could not be compelled to take title until that presumption was judicially rebutted. During the course of the opinion in that case we said that our decision in the Bachino case, supra, certainly imposes a duty upon a married woman in such a case, and gives to the purchaser from her the right to require her, to rebut the presumption and to rebut it contradictorily with those having a right to dispute her title, such as the forced heirs of her husband, if he is dead, and judicial mortgage creditors. See also Rouyer et al. v. Carroll, 47 La.
 
 *1101
 
 Ann. 768, 17 So. 292; Succession of James, 147 La. 944, 86 So. 403; McGill v. Urban, 10 La.App. 82, 120 So. 408; Lotz et al. v. Citizens Bank & Trust Co. et al., La.App., 17 So.2d 463.
 

 This court in the case of Houghton v. Hall et al., 177 La. 237, 148 So. 37, decided in 1933, reiterated the rule that, although property is bought in the wife’s name with recitation of the paraphernality of the funds of purchase, the property is nevertheless presumed to be community property.
 

 In the case at bar, the property having been acquired by plaintiff Mrs. Johnson during the existence of her marriage, it is presumed to be community property, and defendant was justified, under the circumstances related hereinabove, in refusing to accept title.
 

 Plaintiffs concede that property acquired by purchase in the name of either spouse during the existence of the community is presumed, under Article 2402 of the Revised Civil Code, to be community property. They argue, however, that the amendments to Article 2334 of the Code and the act emancipating married women [La.Act No. 283 of 1928] had the effect of removing this presumption where property is acquired in the name of the wife with her ' own earnings when living separate and apart from her husband although not separated by judgment of the court.
 

 We do not agree with this argument that the amendments to the article and the act of 1928 had the effect of changing the presumption in any way in the instant case; but, conceding arguendo that the presumption has been changed and the property is presumed to be the separate property of the wife, defendant even in that event would not be required to accept a presumptive title.
 

 In support of the contention that the property is Mrs. Johnson’s separate property since her deed recites that it was purchased with her separate and paraphernal funds and for her separate administration and control, counsel cite the' case of Morris v. Giovanni et al., 9 La.App. 242, 119 So. 267, which we must concede supports their contention. This case, however, appears to be an isolated one in our jurisprudence, and the same Court of Appeal which rendered that opinion, subsequently, in 1944, in Lotz et al. v. Citizens Bank & Trust Co. et al., La.App., 17 So.2d 463, without mentioning the Morris case, recognized that the fact that a deed contains the recital of the purchase of property with separate and paraphernal funds makes little difference because all the decisions are to the effect that, notwithstanding such a recital, the presumption still exists and can only be overcome by proper and sufficient proof.
 

 Defendant in answer admitted that he was willing and able to accept title to the property provided that the divorced husband of Mrs. Johnson would appear in the act as a vendor of the property. When plaintiffs filed in these proceedings a dis
 
 *1103
 
 cíaimer and a power of attorney, both executed by the divorced husband, it would appear that defendant’s requirements had been substantially met. We believe, however, that defendant’s admission that he was willing to take title in the event the divorced husband appeared in the act meant that he would accept title if this requirement were met within a reasonable time, and, as we have noted above, the disclaimer and the power of attorney were not filed in these proceedings until nearly a year after plaintiffs had instituted suit for specific performance. Moreover, according to the record, defendant, who is not a wealthy man, was seeking to purchase the property here • involved as a home and had to purchase another dwelling for this purpose notwithstanding the pendency of this suit. We think that plaintiffs’ compliance with defendant’s requirements came so late that it would be unreasonable to compel him to take title.
 

 Defendant, plaintiff in reconvention, has answered this appeal, praying that we amend the judgment of the lower court by allowing him double the amount of the deposit, or the sum of $2530.00, under the following provision contained in the contract to purchase: “In the event that the seller does not comply with this agreement to sell within the time specified, the purchaser shall have the right, either to demand the return of double the deposit, or specific performance.”
 

 In the instant case, the sellers are attempting to enforce specific performance of the contract. It cannot be said that they have arbitrarily refused to convey title, when in truth they are, even now, willing to comply with the contract, and their failure to comply has been caused by the purchaser’s refusal to take a title which he considered — and justifiably so — defective. Baton Rouge Investment & Realty Co., Inc., v. Bailey, 157 La. 838, 103 So. 184; Morgan & Lindsey v. Ellis Variety Stores et al., 176 La. 198, 145 So. 514; Williams et al. v. Meyer, La.App., 29 So.2d 599.
 

 Since the
 
 contract in
 
 the instant case on which this suit is predicated does not provide for the payment of attorney’s fees, in our opinion the judgment .of the lower court awarding to defendant attorney’s fees in the sum of $500.00 is in error, and in this respect it is necessary, that the judgment be reversed.
 

 Plaintiffs contend also that the lower court erred in condemning them in solido to pay the sum of $1265.00. The judgment ordering plaintiffs to pay defendant this sum is correct, but we agree that the plaintiffs are not obligated in solido for this amount, as the contract does not expressly provide that such obligation shall be in solido. Under the express provisions of Article 2093 of the Civil Code, an obligation in solido is not presumed but must be expressly stipulated, which rule ceases to prevail only in cases where an obligation
 
 *1105
 
 in solido takes place by virtue of some provision of the law.
 

 For the reasons assigned, the judgment of the district court insofar as it awarded attorney’s fees to the defendant and plaintiff in reconvention is reversed. Insofar as it was rendered in solido against the plaintiffs and defendants in reconvention it is amended so as to give judgment in favor of defendant and plaintiff in reconvention, and against the plaintiffs and defendants in reconvention, jointly and severally, in the full sum of $1265.00, and as thus amended is affirmed. Plaintiffs are to pay all costs.
 

 O’NIELL, C. J., absent.