HAMITER, Justice.
 

 The defendant is appealing from a judgment, rendered in this- specific performance action, ordering a compliance with his written contract dated January 30, 1947, to purchase from plaintiffs certain immovable property located in the City of Shreveport. The contract, among other things provided: “Should the title of Vendors in and to the property described be found from the examination contemplated to be unmerchantable or invalid, then this agreement shall have no further force or effect and the Cashier’s check (in the sum of One Thousand Dollars) hereinabove mentioned shall be returned to Vendee, * * *
 

 The plaintiffs claim title through mesne conveyance from Jeannette Crea Pugh and John Crea Pugh IV, the minor children of John Crea Pugh, deceased, their interests purportedly having been transferred in an act of private sale of date June 13, 1945, executed pursuant to a judgment of court by the First National Bank of Shreveport, as tutor of such minors, in favor of one John A. Kirspel, plaintiffs’ vendor.
 

 In the confection of that sale of the minors’ interests the named tutor presented a petition to the District Court of Caddo Parish showing “that said property can not be sold advantageously except at private sale, and that it is to the evident advantage of the said minors -that the property be sold, since it is unproductive and requires the payment of taxes and is therefore a burden upon the estate, whereas the pro
 
 *427
 
 ceeds can be invested and bring in a revenue.” Further, the petition recited the price, terms and conditions of the sale proposed to be .made to John A. Kirspel.
 

 The tutor’s acting trust officer verified the petition by an attached affidavit of date June 9, 1945. Also annexed was an affidavit (bearing the same date) executed by the minors’ undertutor and reciting: “That he is undertutor of the minors, Jeannette Crea Pugh and John Crea Pugh IV; that he has read the above and foregoing petition and that he concurs in the recommendations and prayer thereof; and that he considers it to the evident advantage of the said minors that the said property be sold as outlined therein.”
 

 On the showing thus made (the recommendation of the tutor with the concurrence of the undertutor) the court, on June 11, 1945, rendered and signed a judgment authorizing a sale of the property as recommended and prayed for in the petition. In keeping therewith, two days later, a deed to Kirspel was executed.
 

 In regulating the private sale of property belonging wholly or in part to a minor or to an interdict (not for the purpose of partition) Act No. 209 of 1932, insofar as pertinent, .provides:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That whenever it shall appear to the tutor of a minor, or the curator of an interdict, who shall own property, either in its entirety or in indivisión, that it is to the advantage of the minor or of the interdict to sell the interest of the minor or of the interdict therein at private sale, the tutor or curator may file a petition in the District Court of the parish in which said minor or interdict resides, setting forth the nature of the property, the reasons which make it to the advantage of the minor or of the interdict to sell such interest at private sale, and the price, terms and conditions of the proposed sale.
 

 “Section 2. That thereupon a rule shall issue, directed to the undertutor or under-curator, returnable on such date as the Court shall fix, during a term of Court or in vacation, to show cause why the prayer of the petition filed by the tutor or curator should not be granted; and upon trial of said rule, the Court shall hear such evidence as may be necessary to establish the advantage to the minor or to the interdict of the private sale of the property.
 

 “Section 3. The Court may appoint experts to examine into the conditions and value of the property, or may receive evidence on the trial of the rule; and the Court may, in its discretion, order the convocation of a family meeting for the purpo_se of advising upon the issues presented by the petition of the tutor or curator.
 

 “Section 4. That, in the event the private sale of the interest of any minor or interdict in any property be ordered under the foregoing Sections of this Act, the judgment of the Court shall fix the minimum price to be accepted, the cash or credit
 
 *429
 
 terms of the sale, and the security to be given the minor or interdict to secure the credit portion of the purchase price.”
 

 The defense to this specific performance action is that the title tendered by plaintiffs is defective and suggestive of litigation, defendant particularly questioning the validity of the order or judgment authorizing the mentioned private sale of the minors’ interests to Kirspel. In this connection, to quote from the answer, he alleges:
 

 “ * * * that said order could have been validly,rendered only upon strict compliance with the provisions of Paragraphs 1, 2, 3 and 4 of Act 209 of the Legislature of Louisiana for the year 1932, and ■that said order and the private sale attempted pursuant thereto are null, void and without effect for failure o;f compliance with the provisions of the statute referred to, in the following respects:
 

 “(a) There was no prayer for nor did any rule issue in the proceedings leading to the order of June 11, 1945, directed to the undertutor of the minors, ordering him to show cause why the prayer of the petition of the tutor (for authority to sell at private sale) should not be granted.
 

 “(b) There was no pleading or appearance by or on behalf of the undertutor, pursuant to any judicial process.
 

 “(e) The judgment or order o:f June 11, or hearing of the application of the tutor for authority to sell at private sale.
 

 “(d) There was no trial or hearing, of any rule directed to the undertutor, nor was any evidence adduced in open court or at chambers to establish the advantage of the sale proposed.
 

 “(c) No time or date was fixed for trial 1945, purporting to authorize a private sale of the interests of the minors was not rendered or signed in open Court.”
 

 Defendant prays that plaintiffs’ demands be rejected.
 

 While conceding that the facts are as defendant alleges, counsel for plaintiffs take the position that the proceedings resorted to by the tutor constituted a substantial compliance with the provisions of Act No. 209 of 1932, and that the objections of the defendant are purely technical and relate to form rather than to substance. Further, they maintain that defendant is without right to collaterally attack the proceedings and judgment under which the minors’ interests were conveyed.
 

 The defendant, in our opinion, is not making a collateral attack such as is prohibited in certain real actions. His defense creates merely the issue of whether or not the title tendered is suggestive of serious litigation. Clearly he is entitled to raise that issue in this specific performance action, and a ruling thereon will determine rights only as between him and plaintiffs. Even if it could be correctly said that the questioned proceedings and judgment were invalid, a holding to that effect in this cause would not be binding on the mentioned minors because they are not parties to this aotion; whatever decision is ren
 
 *431
 
 dered will be ineffective against persons not impleaded.
 

 In the jurisprudence of this court are to be found many cases involving actions to compel specific performance (of contracts to purchase immovable property) in which the defendants urged defective titles by reason of alleged outstanding interests in third persons who were not parties to the suits. In some of them specific performance was ordered, the court deeming the legal questions raised by the respective proposed vendees to be free of doubt and the objections obviously groundless. In others, however, the relief sought by the plaintiffs was denied; and the denials were not primarily because the court concluded that the titles tendered were actually defective. The decisions were grounded on the theory that third persons, not parties to the actions and unaffected by the judgments to be rendered, could thereafter make claims of a substantial nature against the titles and further subject the defendants to serious litigation. The purchaser, reasoned the court, is entitled to receive a complete, valid, unclouded title; he cannot be compelled to accept a title 'burdened with a claim having a substantial basis and, therefore, which is suggestive of serious future litigation; his agreement provided for the purchase only of the property, not the property plus a probable law suit. Bachino v. Coste, 35 La. Ann. 570; Bodcaw Lumber Company v. White, 121 La. 715, 46 So. 782; Scheuermann at al. v. De Latour, 130 La. 549, 58 So. 223; Praegner v. Kinnebrew and Ratcliff, 156 La. 132, 100 So. 247; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396.
 

 To the last mentioned group of cases, we think, the instant action belongs. Of course, in making this observation, we are not holding that plaintiffs’ title is actually defective in that the interests of the minors of John Crea Pugh, deceased, by reason of the tutor’s failure to observe strictly and literally the provisions of Act No. 209 of 1932, were not divested; it may be that in a proper proceeding, with the minors duly represented, the position of plaintiffs would prevail and their title adjudged good and valid. What we do hold is that there appears a substantial basis for a claim by t'he Pugh minors, who are not parties to this cause, thereby rendering the tendered title suggestive of serious future litigation and constituting it one which defendant is not obliged to accept.
 

 This conclusion is inescapable when it is considered that Act No. 209 of 1932 provides clearly a specific procedure, which ■the tutor admittedly did not strictly follow, for consummating a private sale of property belonging to a minor; when it is ■realized that there exists no jurisprudence previously determining the question of whether or not a substantial compliance with those statutory provisions (the position which plaintiffs take herein) will
 
 *433
 
 suffice; and when it is remembered that the courts are required to carefully scrutinize transactions respecting the alienating of property of a minor and to otherwise zealously guard his interests.
 

 Moreover, a decision in favor of these plaintiffs, amounting to the confirming of their title as against the unrepresented minors and the compelling of defendant to .accept the property and pay the agreed purchase price, could possibly lead to the experiencing of undue hardships by either the minors or this defendant. If in the future, following such a decision, the minors attempt to litigate their claim, natural
 
 ly
 
 the court would be inclined to respect its previously rendered ruling, in which •event they would be seriously -handicapped in urging their demands. On the other hand, should the minors in future litigation ■succeed in setting aside the judgment confirming the title of these plaintiffs, the defendant will have to relinquish the property (which the court ordered accepted) and there will be left to him the sometimes difficult task of attempting to obtain reimbursement from his vendors of the sizable purchase price paid.
 

 For the reasons assigned the judgment of the district court is reversed and set aside, and there is now judgment in favor of the defendant dismissing this suit and rejecting the demands of plaintiffs at their costs.