**Harvey D. GIFFEN and Elsie A. Cassagne, Wife of Harvey D. Giffen,**

v.

**Emile J. KINLER and Gladys Brown Ziegler, Wife of Emile J. Kinler.**

**Civ. A. No. 5475.**

United States District Court
E. D. Louisiana, New Orleans Division.
May 21, 1957.

Philip E. Pfeffer, Covington, La., Midlo & Lehmann, New Orleans, La., for plaintiffs.

Sidney W. Provensal, Slidell, La., for defendants.

CHRISTENBERRY, Chief Judge.

This action having been tried to the Court without a jury, the Court hereby makes the following findings of fact and conclusions of law:

## Findings of Fact

### I.

The. plaintiffs, Harvey D. Giffen and Elsie A. Cassagne, wife of Harvey D. Giffen, are citizens of the State of Alabama; and the defendants, Emile J. Kinler and Gladys Brown Ziegler (whose proper name is Gladys Brown), wife of Emile J. Kinler, are citizens of the State of Louisiana. The Lacombe Realty Company, a commercial partnership composed of Leonard C. Walton and Dudley Walsh, both of whom are citizens of the State of Louisiana, is third party defendant, impleaded by the Kinlers.

### II.

On April 25, 1955, the plaintiffs and defendants entered into a written agreement wherein plaintiffs agreed to buy and defendants agreed to sell certain property described as follows:

"16 acres more or less with all improvements thereon, in Section No. 43, St. Tammany Parish, La. Included in the sale is all trees, shrubs, plants and one dinette table with 2 benches".

The defendants reserved one half of the mineral interests. The total consideration to be paid for this property was stated to be $25,000, $6,000 of which was to be paid in cash and the balance at the rate of $2,000 annually for seven years, and $5,000 or on before eight years from the date of sale, all to bear interest at 6% per annum.

As provided by the agreement, a non-interest-bearing deposit in the sum of $2,500 was made by the plaintiffs to the Lacombe Realty Company, as agent of the defendants, and the act of sale was to be passed before Philip E. Pfeffer within 90 days after the agreement.

### III.

The written agreement further contained the following clause:

"In the event that the vendor does not comply with this agreement to sell within the time specified, purchaser shall have the right either to demand the return of double the

deposit, or specific performance, however in event any minor defects or irregularities should be found in the title by the examining attorney, the vendor shall be given a reasonable opportunity to cure such defects at the vendors (sic) expense and the purchaser hereby agrees to extend the term of this contract for the purpose of perfecting title".

It was also provided that:

"Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated to pay the Agent's Commission and all fees and costs incurred in enforcing collection and damages".

### IV.

The title to the immovable property was examined shortly thereafter by Philip E. Pfeffer for the plaintiffs, and the following defects in the title were discovered:

(a) "an undivided one half interest in approximately 250 acres, containing the instant property, was acquired by Theodule Claverie, by act of sale on October 16, 1855, from Etienne Alpuente; on October 1, 1929, the former's sole, forced heirs and legal representatives" (18 persons) were placed in possession of this one half undivided interest by an ex parte judgment of the 22nd Judicial District Court for the Parish of St. Tammany; and it does not appear that these 18 "sole, forced heirs and legal representatives" have ever been divested of their apparent interest;

(b) an interest in the immovable property, in the line of succession stemming from Alpuente, was acquired by act of sale on November 2, 1941, by Lydia Saulny, wife of Ernest Bayard, Sr., with the authorization of her husband and with her separate funds; and sold by her on July 6, 1944, to the Kinlers, without the authorization of her husband.

### V.

Mr. Pfeffer informed the plaintiffs and the defendants of these defects and attempted to purchase title insurance, which was refused.

### VI.

By letter of July 25, 1955, the date on which the agreement to buy and sell expired, Mr. Kinler informed Mr. Giffen that the suggestions of Mr. Pfeffer to cure the defects in the title by obtaining quit-claim deeds from Ernest Bayard, Sr. and the heirs of Theodule Claverie were "out of the question" because "In 1929 when the Claverie Succession was opened, there were 18 heirs, and there is no telling how many there are now and where they are located", and because the Kinlers were not able to ascertain "where Bayard is living or if he is living at all". Mr. Kinler suggested that only by a judgment of court would the title be cleared satisfactorily, and that in accordance with the provision of the agreement to purchase and sell allowing the vendor a reasonable time to cure minor defects in the title, the defendants would institute the necessary legal proceedings in the next term of court which he expected would begin in November.

### VII.

The Kinlers through their attorney obtained a quit-claim deed from Ernest Bayard, Sr., dated September 29, 1955, and tendered it to the plaintiffs shortly thereafter. No divestitures of interests in the property by the heirs of Theodule Claverie have been made.

### VIII.

The plaintiffs incurred expenses in the sum of $203.50, in connection with the examination of title, preparation of the act of sale and title insurance fees.

### IX.

The plaintiffs were required to employ an attorney at law in this action, and the services rendered by counsel are reasonably worth the sum of $500.

### Conclusions of Law

#### I.

This Court has jurisdiction of the matter by reason of the diversity of citizenship of the original parties and the amount in controversy.

#### II.

The defendants' title to the property was on July 25, 1955, and is defective and suggestive of serious litigation because of the outstanding interest of the heirs of Theodule Claverie and Ernest Bayard, Sr. Johnson v. Johnson 1948, 213 La. 1092, 36 So.2d 396. The defects were not minor, and the defendants were not granted any time beyond the term of the agreement to cure them.

#### III.

The plaintiffs are entitled to a judgment in the amount of double the deposit made by them, Ducuy v. Falgoust, 1955, 228 La. 533, 83 So.2d 118, plus the expenses incurred by them in connection with this transaction, and attorney's fees.

Judgment has been entered accordingly.