FRUGÉ, Judge.
This is a concursus suit brought by Stuart S. Kay (plaintiff-appellee) against Charles P. Kelley and wife, Anna M. Kelley (defendants-appellants) and Harold D. Carter (defendant-appellee). Kay’s petition alleges that he had in his possession the sum of $500.00, which was deposited with him, to be held in escrow, and was concerned with an agreement entered into by and between Carter and Kelley to buy and sell certain real property situated in Beauregard Parish, Louisiana. The trial court rendered a summary judgment decreeing- Carter to be the owner of the funds deposited. From this judgment the Kelleys have perfected an appeal to this court.
It appears that Kay’s basis for the con-cursus proceeding and the necessity there *837 for is occasioned by the fact that both Carter and the Kelleys claimed the $500.00 deposited under an Agreement to Purchase and Sell, which is dated June 28, 1961 and which reads in part as follows:
“Seller agrees to deliver a complete abstract of title to said property within ten (10) days from date of acceptance of this agreement and purchaser shall have ten (10) days from delivery of abstract for examination of title. If said title is merchantable and free of encumbrances other than those to be cancelled or assumed at the time of purchase, said sale shall be closed immediately. If the said title is defective, seller shall have thirty (30) days from notice of said defects to remedy same and shall use every reasonable effort to do so. If the defects cannot be remedied, the cash payment ($500.00) noted herein shall be returned to the purchaser and this contract thereby terminated. * * *” (Tr. 12) Emphasis added.
After examining the title, Carter’s attorney, in a letter dated July 24, 1961, outlined the various imperfections in the title and the suggestive curative requirements. The Kelleys were unsuccessful in their attempt to cure some of the imperfections within the specified thirty days and asked for an extension of time. Carter refused to grant the requested extension and also refused to accept the Kelleys’ title.
In Schaub v. O’Quin, 214 La. 424, 38 So. 2d 63, plaintiff sued for specific performance of a written contract to purchase certain immovable property. The Supreme Court reversed and set aside the judgment for plaintiff and rendered judgment in favor of defendant. In so doing, the court stated:
“In the jurisprudence of this court are to be found many cases involving actions to compel specific performance (of contracts to purchase immovable property) in which the defendants urged defective titles by reason of alleged outstanding interests in third persons who were not parties to the suits. In some of them specific performance was ordered, the court deeming the legal questions raised by the respective proposed vendees to be free of doubt and the objections obviously groundless. In others, however, the relief sought by the plaintiffs was denied; and the denials were not primarily because the court concluded that the titles tendered were actually defective. The decisions were grounded on the theory that third persons, not parties to the actions and unaffected by the judgments to be rendered, could thereafter make claims of a substantial nature against the titles and further subject the defendants to serious litigation. The purchaser, reasoned the court, is entitled to receive a complete, valid, unclouded title; he cannot be compelled to accept a title burdened with a claim having a substantial basis and, therefore, which is suggestive of serious future litigation; his agreement provided for the purchase only of the property, not the property plus a probable law suit. Bachino v. Coste, 35 La.Ann. 570; Bodcaw Lumber Company v. White, 121 La. 715, 46 So. 782; Scheuermann et al. v. De Latour, 130 La. 549, 58 So. 223; Praegner v. Kinnebrew and Ratcliff, 156 La. 132, 100 So. 247; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396.”
The buy and sell contract providing for the thirty-day period allowing the seller to perfect title is clear and unambiguous on its face. There are no issues of fact regarding this provision of the contract which would require a hearing as the contract expressly provides for thirty days and that is exactly what is meant. (The purchaser need not accept an imperfect title nor is he under any obligation to grant any extension of time.) The Kelleys did not timely cure the several substantial imperfections which were suggestive of serious litigation and we believe that under the *838 circumstances the trial court was correct in awarding summary judgment for Carter.
For the reasons herein assigned the judgment appealed from is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.