COVINGTON, Judge.
This is a suit for specific performance of a contract to buy brought by the buyer, James J. King, against the seller, Mrs. Joyce Hutchinson, and the real estate agent, Damien C. Kinchen. Plaintiff seeks a judgment ordering the defendants to convey a merchantable title to certain immovable property described in the contract as a 1.03 acre parcel of land, being a portion of the Southwest Quarter of the Southwest Quarter of Section Two, Township Seven South, Range Six East, Livingston Parish, Louisiana, as per survey.
*535 The contract to buy, attached to the petition and offered in evidence, was signed by Alex King, Jr., by Mrs. Joyce Hutchinson, and by Damien Kinchen.
The offer to buy the subject property was made in the name of James J. King, plaintiff herein, by Alex King, Jr., the father of the plaintiff. Plaintiff had verbally authorized his father to act on his behalf in executing the contract. The contract was on a printed real estate agent form and contained the usual clauses found in such forms, including the following clause: “The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void . . . ”
The evidence shows that Alex King, Jr., who signed the contract to buy on behalf-of James J. King, the plaintiff herein, did not have written authority to act for the plaintiff. The evidence also shows that at the time of the execution of the contract, as well as the time of the trial, defendant Mrs. Hutchinson owned only an undivided one-half interest in the subject property, the other fractional interest being in the estate of her deceased husband. The deceased husband’s estate or succession has not been opened, Mrs. Hutchinson has not qualified as the natural tutrix of her minor children and there was no court order authorizing the execution of the contract herein or authorizing the private sale to the plaintiff. Thus, Mrs. Hutchinson, the seller, was not able to deliver to the buyer, James J. King, a merchantable title at the time stipulated in the contract and was still unable to do so at the time of the trial.
The evidence further shows that the buyer was willing to go through with the sale only if Mrs. Hutchinson opened the succession, qualified as natural tutrix, and obtained court approval, all at no expense to the buyer.
Under the circumstances, the trial court properly denied plaintiff’s suit to enforce specific performance. Plaintiff is not entitled to the remedy demanded, because there was no contract between the- buyer and the seller. Moreover, even if it could be said there was a binding contract between the parties, by its own terms the contract became null and void when Mrs. Hutchinson was unable to deliver a merchantable title within the stipulated time.
We hold that there was no contract between the buyer and the seller because only the seller actually signed the contract. The buyer did not sign the contract, but sought to execute the contract through his father, who only had verbal authority to do so.
The Civil Code states that the power to buy or sell must be “express and special.” LSA-C.C. art. 2997. See also LSA-C.C. arts. 2275, 2992. According to the established jurisprudence, a mandate to buy or sell immovable property must, like the contract of sale itself, be in writing. Turner v. Snype, 162 La. 117, 110 So. 109 (1926).
The instant case involves the same question as the cited case of Turner v. Snype, supra. In the Snype case the plaintiff buyer sought to compel the defendant seller to sell to him certain immovable property, his offer to buy being on a printed form generally used by real estate agents and purported to be an offer made by the real estate agent as the agent for an undisclosed principal. The defendant, claiming to be the owner of the property, accepted the offer, and on the same day the agent informed the seller of the name of the principal buyer. Later it turned out that the seller owned only a fractional interest in the property, and was unable to perform her obligations under the contract. The buyer then filed to enforce specific performance. The suit was dismissed for the reason that the seller was not bound by the contract because the real estate agent had no written mandate to make the offer on the buyer’s behalf, and, therefore, *536 there was no contractual relationship between the parties. The Court said:
“The judgment appealed from is correct. There was no contract between the plaintiff and the defendant when she informed the real estate agents that she owned only a sixth interest in the property and could not sell the whole. Even though she could have conveyed a valid title for the whole property when she accepted the offer made by Poer & Seixas, agents, and when she was notified by them that they were acting as agents for Turner, he was "not bound to buy the property from her because there was no writing to that effect signed by him; and, as he was not bound to buy from her, neither was she bound to sell to him. ... A verbal . mandate or power of attorney to buy or sell real estate is not a valid or enforceable contract. Rev.Civ.Code, arts. 2275, 2276, 2992, 2997. As the law requires that a contract to buy or sell real estate must be in writing, so also must a power of attorney to make such contract be in writing.”
In the instant case, as in the Snype case, there was no writing to bind the buyer to buy the subject property; hence, the seller was not bound to sell. The mandate to Alex King, Jr. was verbal and without effect, because the law requires the mandate or power of attorney to make a contract to buy or sell immovable property to be in writing.
Rather than ruling on the question of contractual relationship between the parties, the trial court chose to base its decision on the ground that the seller was unable to deliver a merchantable title within the stipulated time; hence, under the terms of the contract, the contract became null and void. The trial court found “no legal basis for either compelling defendant to accept the community or for compelling her to seek court authority to convey the minors’ interest.” See Bornemann v. Richards, 245 La. 851, 161 So.2d 741 (1964).
In the Richards case, wherein the testamentary executor had brought suit for specific performance to compel the buyer to take title to certain property owned by the succession, the Court said:
“A further reason why we are of the opinion that this plaintiff is not entitled to retain defendant’s deposit is that the agreement to purchase was made subject to a suspensive condition, and the partial destruction of the flower garden occurred prior to the happening of the conditioning event. It is to be remembered that the property at No. 1630 Arabella Street belonged to a succession, and it was to be transferred at a private sale. Such action required court approval following due advertisement of the proposed sale. Louisiana Code of Civil Procedure Articles 3281 to 3284. Because of this requirement the agreement entered into between the plaintiff and defendant on November 14, 1961 was particularly made ‘Subject to Court Approval’. That condition suspended the effectiveness of the agreement until the happening of the event, and until the granting of court approval neither party had a right to enforce specific performance. Revised Civil Code Articles 2043, 2471 (which deals with completed sales), and Wampler v. Wampler, 239 La. 315, 118 So.2d 423.”
Similarly in the instant case, the clause that the seller “deliver a merchantable title” annulled the contract when that event did not happen within the stipulated time. Thus, neither party has a right to enforce specific performance by the express terms of the contract. The subject property was not owned by defendant Mrs. Hutchinson; she owned only a fractional interest. It was, therefore, impossible for Mrs. Hutchinson to have sold the property to the plaintiff under a merchantable or acceptable legal title. She could acquire the right to convey the property only if she opened the succession of her deceased husband, qualified as natural tutrix of her minor children and obtained court approval of the *537 proposed private sale. She did not timely do the necessary curative work. She was unable to deliver a merchantable title within the stipulated time; consequently, under the terms of the contract, the contract became null and void. See Schaub v. O’Quin, 214 La. 424, 38 So.2d 63 (1948).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.