OVERTON, Justice.
 

 Sam Gullo and Joe Viso conducted for a number of years a grocery store under the name of Sam Gullo & Co. When times were good the 'business prospered fairly well, but when prosperity ceased, the firm became involved, and was unable to meet its liabilities as they matured. As a result it became necessary to liquidate the partnership. Thereafter Viso continued to operate the business for himself on property owned by the individual members of the firm.
 

 According to the allegations of the petition, at some time prior to May 28, 1932, Gullo proposed to Viso that, in order to place the property then occupied by him as a store and owned by each individually, beyond the reach of their creditors, a simulated sale should be effected whereby the title would be placed in the name of one Nick Cecola, who is one of the defendants in this ease. Gullo persuaded Viso, the petition sets forth, to sign the proposed simulated sale, which was done on May 28, 1932. The petition then alleges that it was agreed that the deed would not be delivered to Cecola then, but instead would be placed in the hands of V. L. Campisi, a friend of all parties, pending a final decision by the plaintiff of the propriety of the contemplated transaction. It appears from the same instrument, namely, the petition, that a few days later Viso having finally decided the propriety of consummating the transaction, refused- to permit the completion of it by the delivery of the deed, and that, accordingly, the deed was returned by Campisi and placed in- the possession of Gullo. It also appears from the petition that while the deed still remained in the custody of Gullo, all parties to the transaction, including Cecola, agreed that the deed should not be delivered for registry, but that it should be destroyed.
 

 The petition also sets forth that, notwithstanding the foregoing agreement not to register, but to destroy the deed, Gullo, with full knowledge that he was violating the agreement, either delivered the deed to Cecola, who had similar knowledge, or that Gullo and Ce-cola obtained the registry of the deed, and this without the knowledge or consent of Viso, ánd in fraud of the -latter’s rights.
 

 The purpose of the petition, in which these facts are set forth, is to have the nullity of the deed declared, and its registry canceled.
 

 
 *11
 
 On the trial of the ease Viso produced Campisi for the purpose of proving all of the facts recited above, and tendered himself for that purpose, and also produced the notary before whom the deed was passed to show that he did not deliver the deed to any one for registry, but delivered it to Campisi to be held in escrow, and also to show the agreement entered into a few days later to destroy the act. Viso also offered another witness to show that G-ullo did not consider the deed as being of any effect whatever by his actions.
 

 The evidence, thus tendered, was objected to by defendants on the ground substantially that title to real estate may be established only by written evidence, parol evidence not being admissibly to prove or to affect title to it, and we might add (as the objection is interposed as to the tender of one of the witnesses), or to establish a reinvestment of title.'. The objection was sustained by the court, and the evidence excluded.
 

 The agreement, if any, to put the deed in the custody of another for a short time, to afford Viso an opportunity to determine the propriety of consummating the transaction by releasing the deed for registry, is nothing more than an agreement to put the deed in escrow until the final decision is made. Such an agreement may be made and established by parol, and until the condition named in the agreement happens, title does not pass, whatever may be the form of the deed, whether by private or notarial act. This statement, pretermitting the effect of the form of the act, which is not referred to in the authority to be cited, but which will be considered later,, is fully borne out by the case note to Manning v. Foster and Wife, 18 L. R. A. (N. S.) 337, where it is said that:
 

 “It seems to be well settled that that rule of evidence which prohibits'a written contract to be contradicted or varied by parol evidence has no application to a delivery of a deed in escrow, — that is, a delivery to a third person to take effect upon the happening of some condition, — as all the authorities are agreed that the condition upon which a deed is thus delivered may rest in, and be proved by, parol. At least no decision can be found in which this rule of law is questioned, while it finds support in all of the following cases: Cannon v. Handley, 72 Cal. 133, 13 P. 315; Wittenbrock v. Cass, 110 Cal. 1, 42 P. 300; Baldwin v. Potter, 2 Root [Conn.] 81; Ryan v. Cooke, 172 Ill. 302, 50 N. E. 213; McCormick Harvesting Mach. Co. v. Morlan, 121 Iowa, 451, 96 N. W. 976; Lewis v. Prather, 14 Ky. Law Rep. 749, 21 S. W. 538; Taft v. Taft, 59 Mich. 198, 60 Am. Rep. 291, 26 N. W. 426; Dikeman v. Arnold, 71 Mich. 656, 40 N. W. 42; Fulton v. Priddy, 123 Mich. 298, 81 Am. St. Rep. 201, 82 N. W. 65; Francis v. Francis, 143 Mich. 300, 106 N. W. 864; Tharaldson v. Everts, 87 Minn. 168, 91 N. W. 467; Gregory v. Littlejohn, 25 Neb. 368, 41 N. W. 253; Fred v. Fred (N. J. Ch.) 50 A. 776; Stanton v. Miller, 58 N. Y. 192, reversing 1 Thomp. & C. 23; Gaston v. Portland, 16 Or. 255, 19 P. 127; Sweet v. Stevens, 7 R. I. 375; Nichols v. Oppermann, 6 Wash. 618, 34 P. 162; Bronx Invest. Co. v. National Bank, 47 Wash. 566, 92 P. 380; Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427; Davis v. Jones, 17 C. B. 625; Stoytes v. Pearson, 4 Esp. 255; Millership v. Brooks, 5 Hurlst.
 
 &
 
 N. 797; Rowley v. Rowley, Kay, 242.”
 

 
 *13
 
 Escrow agreements are often used in this state. They are not contrary to its laws, but are permissible under them. They may be verbal or in writing. Sanders v. Mitchell, 153 La. 1087, 97 So. 200, First Nat. Bank of Winnfield v. Guynes, 11 La. App. 323, 123 So. 461. The enactment of articles 2275 and 2276 of the Civil Code, relating to the transfer of immovable property and the admission of parol evidence to show facts not contained in written instruments or to contradict the recitals of such instruments do not operate so as to affect the validity of oral agreements of escrow or to prevent their proof by oral evidence. Such agreements merely affect the conditions of the delivery of the instrument for recordation.
 

 The fact that the law considers the delivery of immovables as always accompanying the public act, which transfers the property, as provided by article 2479 of the Civil Code, does not operate so as to make agreements of escrow, whether written or oral, ineffective. Arrangements concerning the delivery of the property and the consequent withholding of the instrument from registry may be orally agreed to, to await the happening of a condition, without violating the article, as, for instance, to await the payment of a check, given as consideration for the property, or to afford an opportunity to examine into the title. The article was not intended to interfere with reasonable arrangements for the transfer of real property.
 

 It may be here said, for purposes of clarity, that the record does not suggest that the property has been sold by the contemplated vendee since the alleged fraudulent registry of the deed.
 

 It is needless to say that if, as alleged, the deed was recorded without Yiso’s knowledge or consent by any of the remaining parties interested, after the alleged agreement to destroy it, to which it is said they were parties, the registry of the deed was then in fraud of Viso’s rights.
 

 The evidence tendered to show the escrow agreement and the fraudulent registry should have been received. As it was not received, the case will have to be remanded.
 

 For these reasons, the judgment, appealed from, which rejected plaintiff’s demands, is set aside, and the ease is remanded to be proceeded with agreeably to the views herein expressed; the costs of this appeal to be paid by defendants, and those of the lower court to abide the final decision of the case.
 

 O’NIELL, O. J., absent.