## SMITH v. HARDY, et al.
### No. 5987.

Court of Appeal of Louisiana. Second Circuit.

May 29, 1939.

Harry V. Booth and James G. Palmer, both of Shreveport, for appellant.

Chandler & Chandler, H. M. Holder, and Hardy & Hardy, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff alleges that on or about August 15, 1936 (which was by amendment changed to read "1938"), he purchased from the defendants, G. W. Hardy, Sr., and Greenwood Hardy Brinkman, an undivided three-fourths interest in and to a tract of land containing 68 acres, more or less, in Caddo Parish, Louisiana, described in the petition, for the price of $1,032.40, "all as will more fully appear by undated deed now in the possession of Claude B. Prothro, who acted as escrow agent for both plaintiff and defendants;" that said property was sold to him for said price "to be free and clear of all liens and encumbrances whatsoever." He further alleges:

"7. That on or about October 17th, 1938, your petitioner placed in the hands of said escrow agent a check to cover the purchase price of said property and that said agent notified defendants herein or notified their agents.

"8. That on the day following, the said defendants, through their agents, notified the escrow agent that they did not desire to complete the transaction and demanded the return of said deed, all in violation of the terms of their escrow agreement.

"9. That at the time the transaction was made, August 15th, 1938, as aforesaid, there was some title work to be done on the property and it was agreed orally between petitioner and the defendants or their agents, that petitioner would have a reasonable time in which to deliver the purchase price to the escrow agent.

"10. Petitioner now avers that only after the purchase price was paid to the escrow agent and your petitioner was ready to carry out the purchase of said property that the defendants advised the escrow agent to return said deed.

"11. Your petitioner avers that he has made additional demands upon defendants to carry out their agreement, to no avail.

"12. That he is now ready and willing to pay the purchase price of said property and shows to the Court that he is entitled to specific performance.

"13. Further avers that the deed is in the possession of Claude B. Prothro who refuses to deliver the same to your petitioner."

Plaintiff prayed for judgment, " * * * declaring your petitioner to be the owner of the property hereinabove described upon the payment of the sum of $1032.40, free and clear of all liens and encumbrances as far as the vendors are concerned, and further prays that your petitioner have further judgment herein in his favor and

against defendant, Claude B. Prothro, commanding and authorizing the said Claude B. Prothro to deliver unto your petitioner the warranty deed to said property which deed is now in his possession."

The petition was excepted to as not disclosing either a cause or a right of action.

By a first amended petition, plaintiff tendered and filed as part of his pleadings, the original of the deed above referred to. This act on its face is a warranty deed, signed by defendants in the presence of two attesting witnesses, and expresses a cash consideration of $1,032.40. It is not signed by plaintiff. Bert Kouns is also named as a grantor, but his signature is not on the instrument. The entirety of the described land, and not an undivided interest therein, is declared to have been sold.

After trial and submission of the exception of no cause and no right of action, but prior to being passed on, plaintiff again amended his original petition, and therein alleged inter alia, viz;

"2. That paragraph seven of his original petition should be amended, amplified and supplemented by adding thereto the following allegations: 'That the date in the said deed was left blank at the time of its said execution, with the agreement of all parties in interest that the said Claude B. Prothro, escrow agent, was to insert in said deed as the date thereof the date when the said purchase price was placed in his hands, and that said purchase price was delivered to the said Prothro on October the 18th, 1938, which said date is the correct date to be given the said deed, and should now be inserted therein as the date thereof.'

"3. That he desires to eliminate paragraph twelve of his original petition in its entirety as having been incorporated therein through error, and now substitutes therefor the following allegations: 'That having delivered to the said escrow agent, Claude B. Prothro, and according to the agreement he had with the said G. W. Hardy, Sr., and the said Mrs. Greenwood Hardy Brinkman, the said purchase price of the said properties, he is now entitled to have the said deed delivered to your petitioner to be placed of record in the proper manner.'"

The prayer of the original petition is also amended to comport with the allegations of the second amended petition, to-wit; Judgment is prayed for ordering defendants and Prothro to deliver unto petitioner the said deed, after inserting therein as its true date, October 18, 1938; or, in the alternative, should it be contended that said deed is now in the custody of the Clerk of Court, that that official be ordered to deliver same to petitioner, etc.

It was agreed that the exception be made applicable to the supplemental as well as to the original petition. It was sustained, and plaintiff appealed.

Appellant, as well as appellees, informs us in briefs that the lower court based its ruling upon the conclusion by it reached that the allegations of the petitions simply disclosed that defendants, orally, gave plaintiff an option to purchase the land, and that since the option was not reduced to writing, its contents could not be proved by parol testimony. However, defendants' brief is almost entirely devoted to a discussion of the petition as though it were strictly a suit to enforce specific performance of a contract to buy and sell real estate.

The allegations of the original petition are to an extent inconsistent in that it is said that plaintiff acquired ownership of the interest in the land by written act of sale on or about August 15, 1938, the price thereof to be thereafter paid; and it is further alleged that said price was in fact paid on October 17th by delivery of check therefor to the escrow agent while the deed was still in his possession; whereas, it is alleged in article 12 of the petition that plaintiff was ready and willing to pay the purchase price and on doing so would be entitled to specific performance of the contract with defendants. The prayer, however, is that he be recognized as owner of the land upon payment of the price.

Be this as it is, the second amended petition filed and considered without objection clarifies the issues and removes all uncertainties and ambiguities patent upon the face of the original petition so far as relates to the character of the action. Plaintiff's position now is that the suspensive condition to the completion of the sale in question, and to the escrow agent's right to deliver to him the deed, viz., payment of the price, has been timely met. Therefore, his suit is one to procure possession of property, to-wit, a deed to real estate, and as thus viewed, it seems clear to us that the petitions, considered as a whole, disclose a cause and a right of action.

The terms of the escrow agreement are not definitely set forth in the petition. Proof of such agreements is not banned under the parol testimony rule as regards real estate. Such agreements may be written or oral. Viso v. Gullo et al., 179 La. 8, 153 So. 3; Sanders v. Mitchell et al., 153 La. 1087, 97 So. 200; First National Bank of Winnfield v. Guynes, 11 La.App. 323, 123 So. 461.

It may be that when all the facts of this escrow agreement are alleged and proven, plaintiff's suit will fall.

Whatever the conditions of the agreement which held in suspense delivery of the deed to plaintiff, besides payment of the price, they were, according to the allegations of the petition, fulfilled or were by plaintiff waived at the time he delivered check for the price to the escrow agent. So far as the record discloses, it was only after the check for the price was delivered that defendants decided to recede from the bargain. If they did not have the right to recede prior to that time, a fortiori they had no such right thereafter.

It is common knowledge that business transactions involving real estate or real rights, large and small, daily are consummated in the manner plaintiff alleges this transaction was to be consummated. Generally there is a time limit fixed within which suspensive conditions are to be met and where these, are met, or waived, title passes the same as though the entire matter had been closed at time of executing title papers.

Defendants, proceeding under the erroneous theory that this action is one to enforce specific performance of a contract for the purchase and sale of real estate, assigns five separate reasons or grounds why the exception was properly sustained by the lower court. These reasons, but no others, are all discussed at length in brief; but, in view of the conclusions reached by us as regards the character of plaintiff's action, this discussion is not apropos of the real, primary issue of the case. It may be that one or more of these reasons will find pertinency in a defense of the case on its merits.

We are unable to perceive that an option to buy and sell, written or oral, enters into the case. The instrument involved, on its face, is a warranty deed. It possesses all of the elements essential to complete dismemberment of title. It remained in the hands of the escrow agent for over sixty days before defendants demanded its surrender and this was done only after plaintiff delivered check for the price, clearly evincing a desire on his part to consummate the sale as originally agreed.

We are of the opinion that the exception was improperly sustained; and for the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and this case is now remanded to the lower court for further proceedings. Defendants are cast for costs of appeal. Payment of all other costs will await final determination of the case.