**I18 So.2d 423**

**Mrs. Vyola WAMPLER**

v.

**Charles WAMPLER.**

No. 43905.

Feb. 15, 1960.

Rehearing Denied March 21, 1960.

Simon Herold, Garner R. Miller, Shreveport, for plaintiff-appellant.

Phillips & Risinger, Shreveport, for defendant-appellee.

McCALEB, Justice.

Mrs. Vyola Wampler sued to be recognized as owner of an undivided one-half interest in an oil, gas and mineral lease which she claims her former husband, Charles Wampler, had purchased prior to the dissolution of their marriage by judgment of divorce.

Plaintiff and defendant were married on April 21, 1941 in the State of Texas. On June 30, 1952, plaintiff filed suit for divorce in Texas and obtained a decree as prayed for on August 15, 1952. Meanwhile, on July 8, 1952, an assignment of the lease in question had been executed by a Mr. R. L. Corley, the original lessee, in favor of Wampler Brothers, a partner-

ship composed of Floyd Wampler and the defendant. This assignment, unilaterally executed by Corley, was made in the office of Mr. A. C. David, a Shreveport attorney. However, because the mineral lease being assigned had not been executed at that time by ten of the eighteen owners of the land which it covered, and because titles of the lessors had not been examined by counsel for the assignees, defendant and Corley left the incompleted lease and the executed assignment with Mr. David, under a verbal agreement that defendant was not to pay the purchase price of the assignment ($1,000) to Corley until all lessors had signed the lease and their titles had been approved by Mr. David, at which time the latter was to deliver the completed papers to defendant.

On July 23, 1952, the last lessor signed the lease but, since Mr. David had not been able to clear the titles by that date, defendant did not at that time pay Corley for the assignment. On August 21, 1952, almost a week after the divorce was final, Mr. David had still not completed curative work on the titles but, because Corley was pressing for payment, defendant advanced him one-half of the consideration for the assignment. Then, on September 23, 1952, over a month after the finality of the divorce, after being advised by Mr. David that the title was approved, defendant paid to Corley the balance of the purchase price

and received the executed assignment of the lease.

When the case was tried on its merits before the district court, plaintiff's counsel objected to proof of the oral agreement between Corley and defendant, asserting that this evidence would serve to vary and contradict the terms of the written assignment. The district judge overruled the objection and, after hearing the parol evidence which was submitted by defendant, granted judgment in defendant's favor and dismissed the suit. Plaintiff has appealed.

The above recited facts, relative to the conditions on which the assignment by Corley of the mineral lease to Wampler Brothers was to be effective, are fully established by the parol evidence. However, counsel for plaintiff are reurging here their position below that defendant acquired the interest in the mineral lease during the existence of the marital community, under the ruling of Tanner v. Tanner, 229 La. 399, 86 So.2d 80, because the assignment is dated July 8, 1952, prior to the time of the dissolution of the community by the decree of divorce and, therefore, plaintiff is entitled to be recognized as co-owner of the lease. This claim rests primarily on the theory that parol evidence was inadmissible to show that defendant's interest in the oil lease was acquired after the dissolution of the community by judgment of divorce, or on any date other than July 8,

1952, the date upon which the assignment was written.

■ There is no merit in this contention. This is not a suit on the assignment itself, between the contracting parties or their privies; it is a controversy between one of the parties in whose favor the assignment is given and a third person, the plaintiff, who is asserting that she is his privy. Under such circumstances, the parol evidence rule is without relevance as it applies only " * * * where the enforcement of an obligation created by the writing is substantially the cause of action". See 20 Am.Jur. "Evidence" Section 1134.

In 32 C.J.S. Evidence § 1011, it is stated:

"The rule against the admission of parol evidence to vary or contradict a written contract does not apply where the writing as to which it is sought to introduce the evidence is collateral to the issue involved and the action is not based on such writing."

See also 32 C.J.S. Evidence § 862 and Richard v. Cain, 168 La. 608, 122 So. 866, which holds that the parol evidence rule is inapplicable in a controversy between parties on the same side of the instrument or their privies and that a joint owner of property had the right to show by parol that his co-owner received the entire proceeds of the sale of the property notwithstanding the recitals contained in the authentic act.

■ In the case at bar, plaintiff is not suing on the assignment of the lease—her position is that she has an interest in the lease which was assigned because she was defendant's wife at the time the assignment was made and, as such, acquired a one-half interest of defendant's interest under the community of acquets and gains then in existence. Accordingly, if she be regarded as a privy to the contract at all, she was on the same side of the contract as defendant and has no ground whatsoever for invoking the parol evidence rule.

■ Since we find that parol evidence was properly received, the only other question presented for decision is whether defendant acquired an interest in the mineral lease during the existence of the community. It is our opinion that the oral evidence plainly establishes that the agreement of July 8, 1952 between Corley and defendant was an escrow agreement which did not have legal effect until the happening of certain suspensive conditions.

■ All obligations contracted on suspensive conditions are not escrow agreements but all escrow agreements are obligations contracted on suspensive conditions so that, as applied here, the terms are interchangeable. An escrow is defined in 30 C.J.S. Escrows § 1, as a deed or other instrument deposited with a third person to be held for delivery to the grantee on the performance of a condition or the

happening of a certain event. Escrows are fully recognized in Louisiana (see Bremer v. Lane, 185 La. 543, 169 So. 568; Primus v. Feazel, 189 La. 932, 181 So. 449; Clark v. Bush, La.App., 184 So. 588 and Kilpatrick v. Bearden, La.App., 37 So.2d 618), and such agreements, if oral, may be proven by parol evidence. Viso v. Gullo, 179 La. 8, 153 So. 3 and Robinson v. Marks, 211 La. 452, 30 So.2d 200.

This is exactly the nature of the agreement in the instant case. It is shown that the assignment in question was left with Mr. David who was given verbal instructions to hold it until the lease which it assigned had been fully executed and until the titles of all lessors had been examined and approved by him. These conditions suspended the obligation of the assignment, which was not binding or enforceable against either party until the conditions were fulfilled, it being well settled that an instrument in escrow does not become operative until performance of the conditions or the happening of the contingency agreed upon. 30 C.J.S. Escrows § 10(a) and 19 Am.Jur. "Escrow", Sections 20, 25.

The provisions of our Civil Code and the jurisprudence interpreting them are in accord with the principles stated above. Article 2043 declares:

"The obligation contracted on a suspensive condition, is that which depends, either on a future and uncertain event, or on an event which has actually taken place, without its being yet known to the parties.

"In the former case, *the obligation can not be executed till after the event;* in the latter, the obligation has its effect from the day on which it was contracted, but it can not be enforced until the event be known." (Emphasis ours.)

These provisions parallel the general law of escrow and the same is true of Article 2471 of the Civil Code which sets forth that "A sale, made with a suspensive condition, does not transfer the property to the buyer, until the fulfillment of the condition." [1]

In attempting to avoid the force of these legal principles, counsel for plaintiff alternatively proclaim that, in the event it is held (as we do hold) that the assignment was in the nature of a sale subject to a suspensive condition, plaintiff should, nevertheless, prevail because of the provisions of Article 2041 of the Civil Code that,

[1]. In Viso v. Gullo, 179 La. 8, 153 So. 3, 4, this Court, in speaking of escrow agreement, said:

"Such an agreement may be made and established by parol, and until the condition named in the agreement happens, title does not pass whatever may be the form of the deed, whether by private or notarial act."

See also Primus v. Feazel, 189 La. 932; 181 So. 449.

325

when the condition of the contract has been fulfilled it· has a retrospective effect " * * * to the day that the engagement was contracted; * * *".

█ The point is without substance. Article 2041 of the Code simply means that a conditional contract is retrospective in its operation as a binding executory contract as of the date it was made and, when the conditions on which the contract is dependent are fulfilled, either party thereto has the right to demand its performance. There is nothing in the language of the Article which lends support to the contention that, when the suspensive conditions are performed, title to the property contracted for vests retrospectively in the grantee to the date the engagement was contracted. Ober v. Williams, 213 La. 568, 35 So.2d 219. See also Lapene v. Badeaux, 36 La.Ann. 194; Louisiana State Rice Milling Co. v. McCowan, 180 La. 174, 156 So. 213 and Viso v. Gullo, supra.

Besides, it is clear from the escrow agreement, which has been established by parol in this case, that the parties contemplated a withholding of title to the lease assignment until the suspensive conditions were performed and, upon fulfillment of those conditions, each party was vested only with a right of enforcement by specific performance under Article 2462 of the Civil Code. Ober v. Williams, supra.

The judgment appealed from is affirmed.