REGAN, Judge.
The plaintiff, Investors Homestead Association, filed this suit against the defendant, Mrs. Freddie McGaffick, by executory process to enforce a promissory note secured by a mortgage on her separate and para-phernal property.
A writ of seizure and sale was issued pursuant to court order, and the property was sold at public auction. After the plaintiff’s vendor’s privilege and mortgage was satisfied, there remained in the hands of the civil sheriff the sum of $3,628.01 to be distributed to the holders of various other liens and privileges recorded against the defendant’s property. In chronological order, these liens were represented by (1) a judgment against Mr. and Mrs. McGaffick in favor of the Bank of Louisiana in the principal sum of $476.42, (2) a judgment against Mr. and Mrs. Mc-Gaffick in favor of the National Bank of Commerce in New Orleans in the principal sum of $1,900.95, and (3) a tax lien against Mr. and Mrs. McGaffick in favor of the United States of America in the principal amount of $2,695.47.
Consequently, the National Bank of Commerce filed a rule to show cause against the defendant, the other lien holders, and the civil sheriff why their respective interests in the surplus remaining after the sale of the property should not be determined and ranked by the court.
Following a hearing in the lower court, judgment was rendered ranking the three liens inscribed against the property in their chronological order and ordering the civil sheriff to disperse the funds in his hands accordingly. From that judgment, the orig-nal defendant, Mrs. Freddie McGaffick, has prosecuted this appeal.
*627 The record discloses that Mrs. McGaffick mortgaged the property seized and sold in this proceeding on August 23, 1961, in favor of the plaintiff, Investors Homestead Association. In this act of mortgage, the defendant’s husband, William McGaffick, intervened and acknowledged the fact that the property mortgaged was and would remain the separate and paraphernal property of his wife under her separate administration and control.
Thereafter, Mrs. McGaffick signed promissory notes with her husband for loans obtained by him at the Bank of Louisiana and the National Bank of Commerce. Moreover, the federal tax lien resulted from a disallowance of certain deductions made on income tax returns of Mr. and Mrs. Gaffick.[1]
Subsequent to the recordation of the liens, the defendant’s husband obtained a discharge in bankruptcy, relieving him of personal liability from the judgments secured by the banks on the notes signed by him and the defendant. However, the federal tax lien was not so discharged.[2] In this court the defendant contends that the federal tax lien should have been ranked first by the lower court since it was not discharged in bankruptcy. Conversely; she argues that while her signature on the note in favor of the respective banks constituted a separate debt which bound her paraphernal property, the judgments obtained by the banks against her on the promissory notes novated these notes and converted them into community obligations. Thus, she argues that her separate property can no longer be held liable for the notes which were converted into judgments against her and her husband since a wife’s paraphernal property cannot be liable for community obligations.
The defendant’s argument is without merit. It is well settled that a married woman has the power to bind her separate property for a community debt or a separate debt, and can incur personal obligations separate and distinct from those of her husband.[3] Moreover, a married woman who executes a promissory note with her husband is a co-debtor thereon, and his subsequent discharge in bankruptcy does not relieve her of her personal liability to pay the note.[4]
In this case, the defendant signed the note in conjunction with her husband, and in so doing bound her separate property. The judgments rendered against her were in no way converted into community obligations by novation, and she remains liable thereon irrespective of her husband’s subsequent discharge in bankruptcy. This discharge in no way affected the judgments recorded against her property, and these judgments were not cancelled thereby. Thus, they should be ranked chronologically before the federal tax lien.
For the foregoing reasons, the judgment of the lower court is hereby affirmed. The defendant is to pay all costs incurred herein.
Affirmed.

. The federal government does not contest its ranking as third, and has not prosecuted an appeal from the judgment of the lower court. Consequently, that part of the lower court’s judgment is not posed for our consideration.

. United States v. Herron, 87 U.S. 251, 22 L.Ed. 275 (1873).

. R.S. 9:103; Loubat v. Audubon Life Insurance Company, 248 La. 183, 177 So.2d 281 (1965); See also Friendly Loans, Inc. v. Morris, 142 So.2d 810 (La.App.1962).

. Commercial Credit Plan, Incorporated v. Perry, 186 So.2d 900 (La.App.1966); See also United States v. Miller, 162 F.Supp. 726 (D.C.1958).