SUMMERS, Justice.
 

 '• ' This is a suit on a promissory note instituted in'the'First City Court of New Orleans by R:D;M. Corporation against Mrs. Margie Patterson and Daniel Patterson. Plaintiff alleges a balance of $906.01-, with interest and attorneys fees due on the note dated November 5, 1962, payable on demand to the order of “Myself”, in the principal sum of $3,000. The note is signed by “Mrs. Margie Patterson” as maker and endorsed by her and Daniel Patterson.
 

 Personal service of the petition and citation was had on Margie Patterson on April 4, 1967, but, although citation issued against Daniel Patterson, no service was made on him. Margie Patterson filed no answer and made no appearance, and a default judgment against her was rendered on April 11, 1967.
 

 Later, on December 27, 1967, at the request of plaintiff’s attorney, a writ of
 
 fieri facias
 
 issued authorizing the seizure of sufficient property belonging to Margie Patterson to satisfy the judgment. Whereupon the Constable seized the stock of liquor and a cash register situated in a barroom and lounge known as Margie’s Playhouse at 1137 Carondelet Street.
 

 After the seizure, on January 3, 1968, Daniel Patterson filed an intervention alleging that he was the husband of Margie Patterson; he had never been served with citation in the cause, although he was well known to plaintiffs; the business conducted at 1137 Carondelet was a community venture between him and his wife and the property seized belonged to the marital community. He also alleged that the seizure was illegal because he had not ' been
 
 *306
 
 served with citation, no judgment was obtained against him, and a judgment against the wife alone could not serve as a basis for a seizure of community property. He prayed for an injunction prohibiting the sale.of the seized property, for an order recalling the writ of
 
 fieri facias,
 
 and for damages and attorneys fees for wrongful seizure.
 

 On the basis of these allegations, the judge ordered plaintiff to show cause why the writ should not be recalled, why the property belonging to the community should not be returned and the plaintiff enjoined from proceeding in the premises, and why plaintiff should not be cast in damages for wrongful seizure.
 
 [1]
 

 At a hearing held on the rule thus taken, it was established that Daniel and Margie Patterson were married on July 4, 1946, and that Margie Patterson had no separate or paraphernal property. The business at 1137 Carondelet is operated under the name of Margie’s Playhouse, but. the license for its conduct is issued in the names of Daniel and Margie Patterson. Most of the transactions, principally involving purchase of fixtures, liquor and beer stock, were handled by Margie; whereas, Daniel was employed as a truck driver' and only assisted occasionally in the actual operation of the business.
 

 Both Daniel and Margie maintained that the business was a cojnmunity venture and' that they lived together as man and wife. Neither owned separate or paraphernal property. And although an effort was made to show that Margie was living separate and apart from her husband, the proof falls far short of this goal. There is some evidence that Daniel may have been absent from the matrimonial domicile “from time to time” or “off and on”. But these- absences were not prolonged or coupled with any intention of permanence. In effect, Daniel was absent “from time to fime” because he and Margie had not been getting along in recent months and because of what we understand to be the rather erratic living habits of the parties. In any event, the fragmentary proof on this issue does not serve to establish that they were living separate and apart in fact or in legal contemplation.
 

 The community nature of their relationship is further manifested by Daniel’s endorsement of this note and others to support not only the financing of Margie’s Playhouse, but also to buy real estate, pay taxes, pay for air conditioning units, and refinance other obligations which they incurred to support their needs and joint undertakings. Daniel denied that he endorsed the note sued upon, but this tes
 
 *308
 
 timony did not impress the trial judge, and it does not impress us.
 

 After reception of this evidence the trial court dismissed the rule and sustained the seizure. On appeal to the Fourth Circuit, the seizure was declared illegal because there was no service of citation on the husband or judgment, rendered against him which could support the seizure of the property belonging to the community. The ruling of the trial judge was accordingly reversed, and, because the record contained no evidence to support an award, the case was remanded to the trial court to determine the amount of damages and attorneys fees to which defendant was entitled. La. App., 216 So.2d 625. We granted writs on plaintiff’s application. 253 La. 636, 219 So. 2d 174.
 

 ( The. central issue presented is whether the property seized belongs to the marital community and, if so, whether it may be seized by virtue of a judgment obtained against the wife alone in a suit against husband and wife when the husband has not been served.
 

 We find that the property seized was community property, and that service of citation and judgment against the husband Was necessary to a valid seizure thereof.
 

 Every marriage in this ■ State superinduces of right a partnership or community of acquets or gains. La.Civ.Code art. 2399. This partnership or community consists of the produce of the reciprocal*' industry and labor of both husband and. wife, and of the estate which they may acquire during the marriage by purchase or in .any other similar way, even though the-purchase be only in the name of one of-the two, because in that case the period of time when the purchase is made is alone' attended to, and not the person who made-' the purchase. La.Civ.Code art. 2402. The-husband is the head and master of this-' community, and the.law charges him .with the administration of its effects. La. Civil • Code art. 2404.
 

 A strong presumption exists that all property acquired by either spouse-during the existence of their marriage becomes an asset of the community. Montgomery v. Bouanchaud, 179 La. 312, 154 So. 8 (1934); Schwab v. Hava, 154 La. 922, 98 So. 420 (1923). The presumption-continues until conclusive proof is made of separate ownership. La.Civ.Code arts. 2402, 2405. Bachino v. Coste, 35 La.Ann 570 (1883). And the burden of overcoming-this presumption rests upon those who allege the separate and paraphernal character of the particular property.
 

 Plaintiff, relying upon Article 2334 of the Civil Code, has rested its case upon the: contention that Daniel and Margie Patterson were living separate and apart, and,, therefore, Margie’s earnings at the bar and; lounge-^a. business carried on by her — and.
 
 *310
 
 ■•the property purchased with all funds thus -derived are her separate property. If this .position has merit, it is not necessary to join the husband in the suit or obtain judgment against him in order to seize the prop•erty belonging to the bar and lounge. A .suit against the wife alone would suffice.
 

 The pertinent language of Article 2334 ■declares:
 

 The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.
 

 Plaintiff has not discharged the burden of proof which the law imposes in these cases. Daniel and Margie Patterson have been married for more than twenty-three years; and, although their relationship is perhaps unconventional by some •social standards, they are nevertheless living together and are recognized as man and ■wife, and they undertake obligations together for their mutual benefit. The marital community, has never been dissolved. They may not, therefore, be considered as living separate and apart, and the strong presumption of the' law stands that the property they acquire during their marriage belongs to the marital community. Nothing in the record indicates that the seized property belongs to the separate estate of Margie.
 

 Under . the express provisions of Article 735 of the Code of Civil Procedure,
 

 The husband is the proper defendant in an action to enforce an obligation against the marital community.
 

 When doubt exists whether the obligation sought to be enforced is that of the marital community or of the separate estate of the wife, the husband and wife may be sued in the alternative.
 

 This requires, at the very least, that the husband be joined as a defendant in a suit to obtain a judgment if that judgment is to serve as a basis for seizure of community property or if the judgment is to be otherwise satisfied from the effects of the marital community. And, unless he is condemned to pay the obligation, the judgment will not support a seizure of community property.
 

 Adherence to this principle has been considered indispensable to the preservation of the concept that, in Louisiana, the husband is the head and master of the community. La.Civ.Code art. 2404. This concept is deeply imbedded in the legal history of the State, and is an integral part of the State’s community property system. The gradual and unconscious substantive ’ common law
 
 *312
 
 infiltration has had practically no effect ih -this field. ■ Morrow, Matrimonial Property 'Law in Louisiana, 34 Tul.L.Rev. 3, 4, 18 (1959).
 

 In the case at bar, because the husband Daniel Patterson was not served with citation, and citation was not waived, the proceedings are absolutely null insofar as the community estate was concerned. Article 1201 of the Code of Civil Procedure so provides in these terms:
 

 Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
 

 The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
 

 We are not unmindful of plaintiff’s contention that the incapacity of married women has been removed by the Legisr lature and that. “Married women may obligate themselves personally in any form, or dispose of or hypothecate their property, as security or otherwise, for the benefit of their husbands or of the community between them and their husbands.” '■La.R.S. -9:103. Moreover, by the terms of Article 1786 of the Civil Code the incapacity of the wife is removed, and the authorization of the husband to the com■mercial contracts of the wife is presumed, among other things, if he permits her to trade in her own name. It is also pertinent to mention here that this authorization is presumed when the wife enters into other contracts when the husband is a party to them.
 
 [2]
 

 Removal of the wife’s incapacity to to bind the community under this legislation, however, has to do with the substantive aspects of obligations wives are authorized to incur. .The legislation does not have the effect of nullifying Article 735 of the. Code of Civil Procedure imposing a procedural requirement that the husband be made defendant in an action to enforce an obligation against the marital community.
 

 From the evidence in the record, we have no doubt that the obligation sued upon here is an obligation of the marital community, and we are equally as certain that this obligation cannot serve as a
 
 *314
 
 basis for the seizure of community property unless the husband is made defendant in the suit to enforce that obligation.
 

 There was no impediment to Daniel Patterson’s right to offer the required proof, yet he made no effort to introduce evidence of the damage .he alleges he ■incurred as a result of the seizure. Under the circumstances, the cause should not be prolonged by a remand to establish this claim or the claim for attorneys fees. The law does not assure a litigant that he may try his case piecemeal. Such a procedure is invoked only where justice and the attitude of the cause warrants a departure from the usual practice. These requirements are not satisfied here.
 

 It was contended in the application for certiorari that the decision of this case by the Fourth Circuit was contrary to the decision in Lamonica v. Royal Furniture Co. of Baton Rouge, La.App., 197 So.2d 147, decided by the First Circuit in 1967, and this contention served as a basis for granting certiorari. Insofar as the Royal Furniture Co. case is in conflict with our decision in the case at bar, the decision in the Royal-Furniture Co. case must be overruled.
 

 For the reasons assigned, the judgment of the Court of Appeal is amended by deleting from its decree the portion providing for the remand of the case and, as thus amended, the judgment is affirmed.
 

 [2]
 

 . La.Civil Code art. 1786 provides:
 

 “The incapacity of the wife is removed by the authorization of the husband, or, in cases provided by law, by that of the judge.
 

 “The authorization of the husband to the commercial contracts of the wife is presumed by law, if he permits her to trade in her own name; to her com-tracts for necessaries for herself and family, where he does not himself provide them; and to all her other contracts, when he is himself a party to them.
 

 “The unauthorized contracts made by married women, like the acts of minors, may be made valid after the marriage is dissolved, either by express or implied ratification.”