499 So.2d 264 (1986)
Luke LEVRAEA
v.
Gail Marie Levraea FRANCHINA and Joseph Daniel Levraea.
No. CA 85 0996.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*265 Phil Breaux, Breaux and Hornstein, St. Gabriel, for Luke Levraea, plaintiff appellee.
Gerald Walter, Anne Jordan, Schwab and Walter, Baton Rouge, for Gail Marie Levraea Franchina and Joseph Daniel Levraea, defendants appellants.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Defendants, Gail Marie Levraea Franchina and Joseph Daniel Levraea, appeal the trial court judgment declaring certain immovable property to be the separate property of their father, Luke Levraea.
Luke Levraea filed a petition for declaratory judgment on August 14, 1984, seeking to have a certain parcel of immovable property located in Ascension Parish adjudged his separate property. He acquired the land from his father, Joseph Levraea, by an act of cash sale with a promissory note dated July 12, 1972, when he was married to Ann Margaret Canova Levraea. Mrs. Levraea died on May 12, 1974, and the subject property was listed as community property in her succession.
Defendants are the two children of Luke and Ann Levraea, and claim one-half of the property as their share of the community inherited from their mother. Defendants contend that the property is community property since (1) it was acquired by their father during his marriage to their mother, and (2) the act of cash sale did not contain the then required "double declaration" that the property was acquired with his separate funds and was intended for his individual estate.
Plaintiff, however, maintains that parol evidence is admissible to prove the transfer was actually intended as a donation and is thus his separate property. The trial court ruled that parol evidence was admissible and found the transfer was a donation.
The Louisiana Supreme Court resolved this issue in Tullier v. Tullier, 464 So.2d 278 (La.1985). It adopted the reasoning set forth in Wood v. Wood, 424 So.2d 1143 (La.App. 1st Cir.1982), and held that Civil Code article 2340[1], which repealed the "double declaration" requirement, is to be applied retroactively. Luke Levraea may rebut the presumption of community by introducing parol evidence, since the act of cash sale is merely collateral to the issue involved here. We agree with the trial court that Mr. Levraea rebutted the presumption by showing his father intended the property to be a gift. He made no payments to his father but took less in his succession in 1980 in an amount equal to the value of the property, so that his father's assets would be distributed equally among the children. Defendants' contention that plaintiff is judicially estopped from claiming the property is separate since it was listed as community in their mother's succession is therefore without merit.
After a thorough review and evaluation of the record, we are convinced the evidence supports the facts found and the reasons assigned by the trial court. We therefore affirm the judgment of the trial *266 court, declaring the property described below to be the separate property of plaintiff, Luke Levraea, and ordering the judgment of possession in the Succession of Ann Margaret Canova Levraea, number 38,306 of the Nineteenth Judicial District Court, Parish of East Baton Rouge, be amended accordingly.
A certain tract of land situated in the Parish of Ascension in the west half of the west half of the west half of the southwest quarter of Section 27, T9S, R3E, Southeastern District of Louisiana, and being more particularly described as commencing at the intersection of the western line of said Section 27 with the Southern right-of-way line of the Gonzales-St. Amant Blacktopped Highway then measuring easterly along the southern right-of-way line of said highway until one half of the width of the north 4 acres of the west half of the west half of the west half of the southwest quarter of section 27 is reached by such depth as to complete two acres, being bounded northerly by the southern right-of-way line of the GonzalesSt. Amant Blacktopped Highway, east by property of Nicholas L. Smith, west by the west boundary of Section 27, and southerly by the property of Wilfred J. Boudreaux. It being understood that the southern boundary shall be parallel to the northern boundary of said tract of land. Being the same property acquired by Joseph Levraea by purchase from David R. Wilson dated May 2, 1968 and recorded in COB 212, Entry No. 97044. And for further reference, see Act of Correction dated September 21, 1968 recorded at COB 212, Entry No. 97045, and entire record in Civil Proceedings Number 16232 of the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.
Costs of this appeal are to be borne by defendants-appellants, Gail Marie Levraea Franchina and Joseph Daniel Levraea.
AFFIRMED.
NOTES
[1] Article 2340 provides:

Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.