610 So.2d 917 (1992)
Rebecca Odom DAWSON,
v.
Fred H. DAWSON, Jr.
No. 91 CA 1726.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*918 Randall A. Shipp, Baton Rouge, for plaintiff-appellant Rebecca Odom Dawson.
David L. Dawson, Jr., Baton Rouge, for defendant-appellee Fred H. Dawson, Jr.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
In this action to partition property, the plaintiff Rebecca Odom Dawson appeals the trial court judgment finding certain immovable property to be the separate property of defendant, Fred H. Dawson, Jr.
The parties were married in 1964. The property in question was acquired by the defendant by an act of cash sale from his mother, Dulce R. Dawson, in 1972. According to the testimony of the defendant, the property was his mother's separate property and she intended to donate the property to him. The defendant stated that he did not pay his mother for the property. Similar property, adjacent to Mr. Dawson's property, was first sold and then donated to the plaintiff's brother, Brent Dawson, in 1975. In 1984, Mrs. Dulce Dawson donated property to each of her daughters, Diane D. Daquano, Marilyn D. Wilson and Arlyn D. Perry. To prove these transfers the parties introduced: 1) a cash sale of property from Dulce Dawson to her son Brent Dawson, as well as a donation of that same property from Dulce Dawson to Brent Dawson, dated the same day; 2) a donation inter vivos of real estate from Mrs. Dulce Dawson to each of her daughters. Mr. William Kimball, attorney for Dulce Dawson, testified that he prepared the cash sale from Mrs. Dulce Dawson to the defendant. Mr. Kimball stated that he also prepared a donation of the same property to the defendant; however, he could not locate the document. He explained that the cash sale was executed in order to avoid any title problems with the property which might result from a donation. The defendant also introduced an unsigned last will and testament of Dulce R. Dawson which Mr. Kimball stated he prepared in 1972. The will provides that the property which was described in the cash sale to the defendant was "in fact, an act of donation to my son, Fred H. Dawson, Jr., and therefore, should be deducted from the said Fred H. Dawson, Jr.'s legitime at my death." A signed will, executed in 1988, was also introduced and provided that Dulce R. Dawson "previously donated certain immovable property to all of [her] children, which said property is substantially of equal value." Mr. Kimball further testified that he did not witness any exchange of money between the defendant and his mother at the time the act of cash sale was executed.
The trial court in oral reasons stated that "after reviewing the documents, ... it is unquestionably clear that the document at issue is, in fact, a donation disguised as a sale for purposes of the records, and as such, constitutes separate property of Mr. Dawson."
First, we consider the plaintiff's contention that the trial court erred in considering *919 parol evidence that the cash sale was in fact a disguised donation. The plaintiff argues that the cash sale is an authentic act and that under LSA-C.C. art. 1848, testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act.
The parol evidence rule applies only in cases where the cause of action is the enforcement of an obligation created by a writing. Wampler v. Wampler, 239 La. 315, 118 So.2d 423, 425 (La.1960). The parol evidence rule does not apply when the writing is collateral to the issue involved and the action is not based upon the writing. Burford v. Burford, 541 So.2d 341, 345 (La.App. 2d Cir.), writ denied, 544 So.2d 401 (La.1989); Levraea v. Franchina, 499 So.2d 264, 265 (La.App. 1st Cir. 1986); Broadway v. Broadway, 417 So.2d 1272, 1275 (La.App. 1st Cir.), writ denied, 422 So.2d 162 (La.1982). See also Dance v. Dance, 552 So.2d 658 (La.App. 2d Cir.1989); Bridges v. Osborne, 525 So.2d 337 (La.App. 1st Cir.), writ denied, 530 So.2d 567 (La. 1988).
The instant suit is not one to enforce an obligation created by the authentic act of sale. The determination of the character of this property as community or separate is an issue which is totally collateral to the act of sale. Accordingly, the trial court correctly concluded that the parol evidence rule has no application in the instant case.
The plaintiff also alleges that the trial court erred in finding that the evidence supports a finding that the property was the separate property of Mr. Dawson.
The law is clear that things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community property and the party asserting otherwise has the burden of overcoming this presumption by clear and convincing evidence. LSA-C.C. art. 2340; Succession of Lyons, 452 So.2d 1161, 1165 (La.1984). See also Burford v. Burford, 541 So.2d 341, 344 (La.App. 2d Cir.), writ denied, 544 So.2d 401 (La.1989).
The trial court's findings regarding the nature of the property is a factual determination which will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact; only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We believe that the evidence introduced by the defendant was sufficient for a rational trier of fact to conclude that the presumption of community property established in LSA-C.C. art 2340 was rebutted. Furthermore, the plaintiff failed to refute the defendant's version of how the property was actually acquired. Based on the evidence we find no manifest error in the trial court's findings.
For the reasons set forth, the judgment of the trial court in affirmed in all respects. Costs of this appeal are to be paid by the plaintiff, Mrs. Rebecca Odom Dawson.
AFFIRMED.