THE STANDARD FIRE INSURANCE COMPANY
v.
RONALD GALLAWAY, ANGELA GALLAWAY, AND COUNTRYWIDE HOME LOANS, INC.
RONALD GALLAWAY
v.
ANGELA GALLAWAY.
Nos. 2007 CA 0327, 2007 CA 0328
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
KEVIN PATRICK MONAHAN, Attorney for Defendant in Concursus Appellant Ronald Gallaway.
ERNEST M FORBES, Attorney for Defendant in Concursus Appellee Angela Gallaway.
GARY J. RUSSO, KYLE M. BACON, Attorneys for Plaintiff in Concursus The Standard Fire Ins. Co.
Before CARTER, C.J. PETTIGREW, and WELCH, JJ.
CARTER C. J.
In this concursus proceeding, appellant, Ronald Gallaway, appeals asserting that the trial court was manifestly erroneous in determining that the property in question was the separate property of appellee, Angela Gallaway. We have thoroughly reviewed the evidence in the record and find no manifest error in the trial court's factual findings or any abuse of discretion on the part of the trial court.
The parol evidence rule does not apply when the writing is collateral to the issue involved and the action is not based upon the writing. Dawson v. Dawson, 610 So.2d 917, 919 (La. App. 1 Cir. 1992). Clearly, the determination of the character of the property at issue as community or separate is an issue that is totally collateral to the act of sale since the instant suit involves the payment of insurance proceeds after a fire and does not concern the enforcement of an obligation created by the act of sale. Accordingly, the trial court correctly admitted the parol evidence.
Furthermore, the trial court's finding regarding the nature of the property as community or separate is a factual determination that will not be disturbed absent manifest error. Ross v. Ross, 02-2984 (La. 10/21/03), 857 So.2d 384, 395; Harvey v. Amoco Production Co., 96-1714 (La. App. 1 Cir. 6/20/97), 696 So.2d 672, 677. When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). We find that the documentary evidence executed by both parties and corroborated by independent testimony at trial were sufficient for a rational trier of fact to conclude that the presumption of community property was rebutted and the subject property was Angela Gallaway's separate property as it was explicitly declared and acknowledged in the act of sale and mortgage documents admitted into evidence.[1]
The trial court's reasons for judgment and controlling precedent reasonably support the trial court's decision. Therefore, we affirm the trial court's judgment in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.2A(2), (5), (6), (7), and (8). All costs associated with this appeal are assessed against defendant-in-concursus/appellant, Ronald Gallaway.
AFFIRMED.
NOTES
[1] The classification of property as separate or community is fixed at the time of its acquisition. Smith v. Smith, 95-0913 (La. App. 1 Cir. 12/20/96), 685 So.2d 649, 651.